[No. B195593. Second Dist., Div. Seven. Apr. 23, 2007.]

ARTHUR W. BRAVO, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
COUNTY OF LOS ANGELES et al., Real Parties in Interest.

1490

COUNSEL

Myer Law Firm and Scott D. Myer for Petitioner.

No appearance for Respondent.

Albright, Yee & Schmit, Clifton W. Albright, Derek S. Yee, Patricia L. Mitchell and Joseph Collier for Real Parties in Interest.

## OPINION

ZELON, J.—Petitioner Arthur W. Bravo challenges the trial court's striking of his peremptory challenge under Code of Civil Procedure[1] section 170.6 on the grounds his complaint was related to a prior action before the same trial judge and therefore the challenge was untimely. We find the second action was not a continuation of the first action and therefore that Bravo's challenge, filed two days after assignment of his case to the trial judge, was timely. We grant the petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 9, 2005, Bravo filed a complaint against the County of Los Angeles and other individuals, case No. BC331794 (previous action). Bravo's operative pleading in the previous action, a third amended complaint filed December 29, 2005, alleged that he is Hispanic, single, gay, and over age 40. He suffers from mental stress and depression. The county hired Bravo in 1992; at the time of the complaint, he was employed as an eligibility worker at a salary of $3,000 per month. Bravo alleged specific incidents occurring in 1999, 2002, and 2003 that were directly related to his sexual orientation; as a result of one of the incidents, he filed a complaint with the Equal Employment Opportunity Commission. In January and April 2004, Bravo alleged that defendants retaliated by discipline, reprimand, denial of accommodations, and surveillance. In April 2004, Bravo filed a claim with the California Department of Fair Employment and Housing (DFEH); after plaintiff received a right to sue notice from the DFEH, he commenced the previous action.

The previous action was assigned to Judge James R. Dunn. Defendants' demurrer to the third amended complaint in the previous action was sustained without leave to amend, and judgment was entered in April 2006.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

On May 18, 2006, Bravo filed the action underlying this writ proceeding, case No. BC352619, alleging claims for employment harassment, discrimination, and retaliation (current action). Bravo's complaint alleged additional facts concerning ongoing harassment and retaliation; specifically, he alleged from May 10, 2004, through June 10, 2004, he was harassed, denied accommodations, retaliated against, and defamed. Bravo was falsely accused of making death threats, and was suspended for 30 days pending investigation. In May 2005, Bravo filed a second claim with the DFEH arising out of subsequent events; after receiving a second right to sue notice, he commenced the current action. The current case was assigned to Judge Irving Feffer.

On August 30, 2006, defendants filed a notice of related cases, contending that the previous action and the current action were related within the meaning of Superior Court of Los Angeles County, Local Rules, rule 7.3(f) and California Rules of Court, rule 804(a).[2] They attached a copy of Bravo's third amended complaint, filed December 29, 2005. Bravo contended the cases were not related because the current action did not involve the same claims as the previous action but instead involved later-occurring events. On October 10, 2006, defendants filed another notice of related cases, attaching a copy of the third amended complaint.

On October 11, 2006, plaintiff filed his first amended complaint in the current action, alleging that this action involved claims and events occurring after his April 13, 2004 complaint to DFEH, and those claims did not arise until the DFEH issued its right to sue notice on May 18, 2005.

On October 20, 2006, Bravo opposed defendants' notice of related cases, arguing the cases were not related because the prior action was no longer pending at the time the complaint in the current action was filed, and the

---

[2] Local Rules, rule 7.3(f) provides that: "(1) Definition. A civil case may be ordered related to other case(s), including Probate and Domestic (Family Law) cases, by the court when it appears that the cases: [¶] a) Arise from the same or substantially identical transactions, happenings or events; or [¶] b) Require a determination of the same or substantially identical questions of law and/or fact; or [¶] c) Are likely for other good reasons to require substantial duplication of labor if heard by different judges. [¶] d) Are the same or substantially similar to a prior case in the Superior Court that has been dismissed, either with or without prejudice."

California Rules of Court, rule 804(a), renumbered effective January 1, 2007, as rule 3.300(a), provides that: "A pending civil case is related to another pending civil case, or to a civil case that was dismissed with or without prejudice, or to a civil case that was disposed of by judgment, if the cases: [¶] (1) Involve the same parties and are based on the same or similar claims; [¶] (2) Arise from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact; [¶] (3) Involve claims against, title to, possession of, or damages to the same property; or [¶] (4) Are likely for other reasons to require substantial duplication of judicial resources if heard by different judges."

current action involved events occurring after the events charged in the prior action. Defendants responded that the current action should be deemed related to the prior action because the cases involved identical parties and identical causes of action and that the matters should be heard before Judge Dunn, in the department where the previous action originated, because Judge Dunn was familiar with the matter.

The trial court found the cases were related within the meaning of Superior Court of Los Angeles County, Local Rules, rule 7.3(f), and assigned the case for all purposes to Judge Dunn in Department 26.

On November 22, 2006, plaintiff filed an affidavit of prejudice and made a peremptory challenge to Judge Dunn. Defendants filed a memorandum in opposition to the challenge, contending it was untimely because the matters were related, rather than coordinated, and the matter was a continuation of the previous action.

On December 1, 2006, the trial court found plaintiff's challenge untimely and ordered it stricken. This writ proceeding followed, and on January 8, 2007, we issued a stay of the proceedings in the current action in the superior court.

## DISCUSSION

■ Section 170.6 permits a party to disqualify a judge for prejudice based upon a sworn affidavit without having to establish the fact of prejudice. (*Barrett v. Superior Court* (1999) 77 Cal.App.4th 1, 4 [91 Cal.Rptr.2d 116].) If the motion is timely and filed in proper form, the trial court must accept it without further inquiry, and the disqualification is effective immediately. (*Davcon, Inc. v. Roberts & Morgan* (2003) 110 Cal.App.4th 1355, 1360 [2 Cal.Rptr.3d 782].) "As a remedial statute, section 170.6 is to be liberally construed in favor of allowing a peremptory challenge, and a challenge should be denied only if the statute absolutely forbids it." (*Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 61–62 [116 Cal.Rptr.2d 616].)

A challenge can be made at any time up until trial, but must be made within 10 days after notice of an all-purpose assignment. (§ 170.6, subd. (2); *Nissan Motor Corp. v. Superior Court* (1992) 6 Cal.App.4th 150, 155 [7 Cal.Rptr.2d 801].) The statutory time period for filing a peremptory challenge to a newly assigned calendar judge commences when the parties receive notice of the assignment. (*Motion Picture & Television Fund Hospital v. Superior Court* (2001) 88 Cal.App.4th 488, 493–495 [105 Cal.Rptr.2d 872].)

■ A peremptory challenge may not be made when the subsequent proceeding is a continuation of an earlier action. (*Jacobs v. Superior Court*

(1959) 53 Cal.2d 187, 190 [1 Cal.Rptr. 9, 347 P.2d 9].) "Although [section 170.6] does not expressly so provide, it follows that, since the [peremptory challenge] must be made before the trial has commenced, it cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings." (*Ibid.*) The rule is designed to prevent forum shopping. (*Id.* at p. 191.)

A proceeding is a continuation of the prior or original action, rather than a separate or independent action, if "it involves ' "substantially the same issues' " and " 'matters necessarily relevant and material to the issues involved in the [original] action." ' [Citation]." (*City of Hanford v. Superior Court* (1989) 208 Cal.App.3d. 580, 589 [256 Cal.Rptr. 274].) The rule is premised on the rationale that if disqualification were permitted in subsequent proceedings, the original judge, ordinarily in the best position to pass upon questions involved, would be disqualified from hearing such matters; litigants could, as a result, gamble on a favorable decision from one judge but, if that decision were unfavorable, seek another judge's ruling on substantially the same issues. (*Jacobs v. Superior Court, supra*, 53 Cal.2d at p. 191.)

In *Nissan Motor Corp. v. Superior Court, supra*, 6 Cal.App.4th 150, the trial court applied the *Jacobs* continuation rule to consolidated actions. There, three different plaintiffs filed claims against Nissan based upon three separate occurrences of a sudden, unexpected acceleration of their cars that resulted in personal and property damages. (*Id.* at p. 153.) All three plaintiffs had the same counsel. After discovery had taken place, the actions were consolidated, and the plaintiff's counsel in the first action filed a peremptory challenge under section 170.6 in the other two actions. (6 Cal.App.4th at p. 154.) The trial court held the challenge was untimely because no challenge had previously been filed in the first action, and the matters involved similar issues. (*Ibid.*) The appellate court reversed, finding the latter two cases were not continuations of the first action. "The three cases arise out of different injuries and damages, occurring in automobile accidents involving different vehicles at different times and places, and under different fact patterns. They are thus three separate and distinct cases, entitled to separate challenges under section 170.6." (*Id.* at p. 155.)

█ Here, defendant argues that because plaintiff's two cases are related cases the second case is necessarily a continuation of the first case and any peremptory challenge was untimely. We disagree. The fact that the cases are related does not resolve the issue of whether the second case is a continuation of the first case for purposes of section 170.6. Here, although the two cases involve the same employee and the same employer, the current action arises out of later events distinct from those in the previous action. Therefore, the current action does not constitute a continuation of the previous action and plaintiff's peremptory challenge is timely.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order striking plaintiff's peremptory challenge. The challenge is reinstated and effective upon remand. The stay is dissolved.

Perluss, P. J., and Johnson, J., concurred.