[No. B220163. Second Dist., Div. Four. Jan. 26, 2010.]

MANUEL C., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Real Party in Interest.

---

**COUNSEL**

Law Offices of Alex Iglesias, Steven D. Shenfeld and Wendy Kingston for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

OPINION

EPSTEIN, P. J.—By petition for writ of mandate, father Manuel C. challenges the juvenile court's denial of his peremptory challenge on the ground that it was untimely pursuant to Code of Civil Procedure section 170.6, subdivision (a)(2).[1] We hold that once the juvenile court terminates jurisdiction over a dependent child, a subsequent case involving the same child and parent is a new matter for purposes of the time limits for filing a section 170.6 motion. For this reason, we grant the requested relief.

## FACTUAL AND PROCEDURAL SUMMARY

In January 2009, a Welfare and Institutions Code section 300 petition was filed on behalf of Aura P.'s three children: two daughters, ages 17 and 12, and one son, Manuel C., Jr., age 5. Petitioner was found to be the presumed father of Manuel C., Jr., and was thus a party to that action. The case was assigned to Referee Stephen C. Marpet for all purposes, and it remained in his courtroom until Referee Marpet terminated dependency jurisdiction as to the three children with a family law exit order on October 7, 2009. Petitioner and mother were given joint legal custody of Manuel C., Jr., with physical custody to mother and unmonitored visitation to petitioner.

On October 30, 2009, a new Welfare and Institutions Code section 300 petition was filed on behalf of the same children, alleging in part that petitioner sexually abused mother's 12-year-old daughter. The matter was assigned the same case number as the previously terminated case involving the same children, and it was assigned to Referee Marpet.

That same day, petitioner filed his section 170.6 peremptory challenge, asking that Referee Marpet recuse himself. Referee Marpet denied the motion as untimely, explaining: "This case was assigned to me in January of 2009, and the parties made their first appearance on that date. Since more than ten days have elapsed since both of these dates, the motion is deemed untimely." Petitioner brought this petition for writ of mandate, seeking an order directing the juvenile court to accept the section 170.6 peremptory motion for disqualification and transfer the case to another court for further proceedings. We stayed all further proceedings, and issued an order to show cause. In response, the Los Angeles County Department of Children and Family

---

[1] Undesignated section references are to the Code of Civil Procedure.

Services filed a letter brief declining to take a position. We now lift the stay and grant the requested relief.

## DISCUSSION

■ The relevant portion of section 170.6, subdivision (a)(2) provides that if a peremptory challenge is "directed to the trial of a cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance."

■ "A peremptory challenge may not be made when the subsequent proceeding is a continuation of an earlier action." (*Bravo v. Superior Court* (2007) 149 Cal.App.4th 1489, 1493 [57 Cal.Rptr.3d 910]; see also *Jonathon M. v. Superior Court* (2006) 141 Cal.App.4th 1093, 1099 [46 Cal.Rptr.3d 798] [time limits in § 170.6, subd. (a)(2) apply only "in the *same case* as the one in which the peremptory challenge is filed, including any 'continuation' of the main proceeding"].) "A subsequent proceeding is a continuation of an earlier action . . . if it involves ' "substantially the same issues" ' and ' "matters necessarily relevant and material to the issues involved in the [prior] action." ' " (*City of Hanford v. Superior Court* (1989) 208 Cal.App.3d 580, 589 [256 Cal.Rptr. 274].)

In *Bravo v. Superior Court, supra,* 149 Cal.App.4th 1489, the court considered whether a second case between the same parties was a continuation of an original case which had been dismissed after a demurrer was sustained without leave to amend. The original case alleged employment discrimination based on conduct occurring between 1999 and April 2004. After judgment was entered against the employee, he filed a second action against the employer based on conduct occurring between May 2004 and June 2004. The employer filed a notice of related cases, and the case was assigned for all purposes to the same judge who had heard the original case. The employee filed a section 170.6 challenge, which was denied as untimely because the second action was a continuation of the first. The Court of Appeal reversed: "The fact that the cases are related does not resolve the issue of whether the second case is a continuation of the first case for purposes of section 170.6. Here, although the two cases involve the same employee and the same employer, the current action arises out of later events distinct from those in the previous action. Therefore, the current action does not constitute a continuation of the previous action and plaintiff's peremptory challenge is timely." (149 Cal.App.4th at p. 1494.)

The same reasoning applies in our case. We infer from the record that the original dependency petition filed on January 27, 2009, raised issues of domestic violence and parenting with respect to petitioner. Referee Marpet terminated dependency jurisdiction in that case with family law orders on October 7, 2009. Then, on October 30, 2009, a *new* Welfare and Institutions Code section 300 petition was filed, alleging in relevant part that, "On or about 10/19/2009," petitioner sexually abused one of the children; that mother knew or should have known of the abuse, but failed to take action to protect the child; and that the children were at risk of physical and emotional harm from the conduct of petitioner and mother.

The current dependency petition arose out of events which occurred after the conclusion of the original dependency case. This was an original petition, not a supplemental petition in a pending case, a fact which distinguishes our case from *Antonio G. v. Superior Court* (1993) 14 Cal.App.4th 422, 426–427 [17 Cal.Rptr.2d 552].

When the court denied the peremptory challenge in this case, it observed that, "It is the practice of the Los Angeles County to file petitions on any subsequent child born to the mother and/or the same parties that are involved in the case virtually at the same time. When the cases have been terminated and a new petition is filed on the same children, as it is in this case, it is assigned to the same judge as previously assigned. The purpose of this is to allow the children and the families to have stability. It is to allow one judge to become so familiar with the family as to be able to oversee the special needs of the children and to follow the progress of the family. It allows the court to hold parents accountable for their actions. It is in the best interest of these already abused and neglected children."

These are valid considerations, and we find nothing wrong with the practice of assigning the same case number and the same bench officer to hear dependency cases involving the same family. But this local practice cannot be used to prevent a party to a new dependency petition from exercising his or her right to peremptorily challenge the bench officer in the new proceeding. Where, as here, the peremptory challenge is filed within 10 days of the party's appearance in the new proceeding, it is timely under section 170.6, subdivision (a)(2). The court erred in denying petitioner's peremptory challenge as untimely.

## DISPOSITION

Let a peremptory writ of mandate issue, directing the juvenile court to vacate its order denying the peremptory challenge and to enter a new order accepting the peremptory challenge. The alternative writ is discharged, and the order staying proceedings in the juvenile court is vacated.

Willhite, J., and Suzukawa, J., concurred.