[No. B238175. Second Dist., Div. Five. Feb. 22, 2012.]

SHELLEY PICKETT, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
99¢ ONLY STORES, Real Party in Interest.

## Counsel

Lynch, Gilardi & Grummer, Gary M. Ittig, Arif Virji and Victoria L. Tallman for Petitioner.

No appearance for Respondent.

Munger, Tolles & Olson, Mark H. Epstein, Malcolm A. Heinicke, Katherine M. Forster and Esther H. Sung for Real Party in Interest.

OPINION

MOSK, J.—

## INTRODUCTION

Plaintiff Shelley Pickett's action that included a Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.) (PAGA) claim was deemed related to a prior-filed PAGA action brought by Eugina Bright, against the same defendant on similar allegations, although the remedies sought were not identical. Upon Pickett's action being reassigned to the all-purpose judge in the prior-filed action, but not consolidated with that first action, Pickett timely filed a peremptory challenge to the trial judge pursuant to Code of Civil Procedure section 170.6.[1] The respondent court struck the challenge as improper. It determined that Pickett's action was identical to and a continuation of the action brought by Bright, who had already used her one peremptory challenge in the matter. Pickett petitioned for an extraordinary writ of mandate directing the respondent court to vacate its order. Under section 170.6 and the authorities applying it, Pickett's action is not a continuation of Bright's action, nor is Pickett on the same "side" as Bright in one action, and therefore Pickett's peremptory challenge should have been accepted. We grant the petition.

## FACTS AND PROCEDURAL HISTORY

Pickett is suing real party in interest 99¢ Only Stores, alleging that 99¢ Only Stores violated wage order No. 7-2001 and Labor Code section 1198 by failing to provide adequate seating for cashiers at its stores. Her first cause of action is brought under PAGA, which permits her to sue on behalf of herself and other current and former employees, as a private attorney, in order to obtain penalties and attorney fees. In a second cause of action, Pickett alleges that because she suffers continuing injury that would not be covered by the penalties sought in her first claim, she also seeks an injunction under sections 525 and 526, and Civil Code sections 3420 through 3422, to require 99¢ Only Stores to provide suitable seating to Pickett and its other cashiers.

Bright had also sued 99¢ Only Stores for failing to provide cashier seating in violation of wage order No. 7-2001 and Labor Code section 1198. She invoked the provisions of PAGA as authority to seek penalties on behalf of herself and all current and former employees. In conjunction with that claim, she did not seek any additional relief, such as injunctive relief.

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise noted.

Bright's case was assigned to Los Angeles Superior Court Judge Luis Lavin.[2] Judge Lavin sustained a demurrer to Bright's allegations under PAGA, but this court reversed the order. (*Bright v. 99¢ Only Stores* (2010) 189 Cal.App.4th 1472, 1475 [118 Cal.Rptr.3d 723].) Upon the return of her action to the superior court, Bright used a postappeal peremptory challenge to disqualify Judge Lavin. Her case was then assigned to the respondent court, presided over by Judge William Fahey.

On November 4, 2011, 99¢ Only Stores moved to strike all of Bright's representative allegations. The same day, Pickett, represented by different attorneys than those representing Bright, filed her complaint. On November 10, 2011, Pickett filed a notice of related cases, as required by rule 3.300 of the California Rules of Court, identifying Bright's action. Pickett stated that the cases presented "identical claims" because she and Bright were both suing 99¢ Only Stores for the same alleged misconduct and were bringing representative claims under PAGA. On Wednesday, December 7, 2011, after a hearing, the respondent court issued an order finding that the cases were related, and assigned the Pickett matter to its courtroom. On the same day, the trial court granted the motion to strike representative allegations from Bright's complaint.

On December 14, 2011, Pickett filed a peremptory challenge to the respondent court pursuant to section 170.6.[3] In anticipation of that challenge, 99¢ Only Stores had already filed an opposition, arguing that the Pickett matter was the same as and a continuation of the Bright action for the same reasons that the cases had been deemed related—the claims and parties were in effect the same because of the PAGA allegations. 99¢ Only Stores contended that Pickett was limited by the one-challenge-per-side rule under section 170.6, subdivision (a)(4). The respondent court agreed and struck the

---

[2] The record indicates Bright's case was initially assigned to Judge Carl West, but Judge Lavin presided thereafter. Neither party indicates why Judge West did not continue as the trial judge.

[3] Section 170.6, subdivision (a) provides, "(2) A party to, or an attorney appearing in, an action or proceeding may establish this prejudice by an oral or written motion without prior notice supported by affidavit or declaration under penalty of perjury, or an oral statement under oath, that the judge, court commissioner, or referee before whom the action or proceeding is pending, or to whom it is assigned, is prejudiced against a party or attorney, or the interest of the party or attorney, so that the party or attorney cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judge, court commissioner, or referee. . . . If directed to the trial of a criminal cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance. If directed to the trial of a civil cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 15 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 15 days after the appearance."

challenge. In doing so, the trial court noted that it considered that Pickett admitted she was pursuing claims identical to those in the Bright action, and it viewed the challenge as an attempt at forum shopping. This timely petition followed.

## STANDARD OF REVIEW

The independent standard of review applies when, as here, proper application of the disqualification statute turns on undisputed facts.[4] (*Swift v. Superior Court* (2009) 172 Cal.App.4th 878, 882 [91 Cal.Rptr.3d 504].)

## DISCUSSION

■ Section 170.6 permits a party to an action to disqualify summarily an assigned judge based on a sworn statement of the party's belief that the judge is prejudiced against that party or the party's attorneys. Provided the statement is timely and in proper form, the judge has no discretion to refuse the challenge. (§ 170.6, subd. (a)(1); *Bravo v. Superior Court* (2007) 149 Cal.App.4th 1489, 1493 [57 Cal.Rptr.3d 910] (*Bravo*).) The right to disqualify a judge under section 170.6 " 'is "automatic" in the sense that a good faith *belief* in prejudice is alone sufficient, proof of facts showing actual prejudice not being required.' " (*Solberg v. Superior Court* (1977) 19 Cal.3d 182, 193 [137 Cal.Rptr. 460, 561 P.2d 1148] (*Solberg*), quoting *McCartney v. Commission on Judicial Qualifications* (1974) 12 Cal.3d 512, 531 [116 Cal.Rptr. 260, 526 P.2d 268], disapproved on other grounds in *Spruance v. Commission on Judicial Qualifications* (1975) 13 Cal.3d 778, 799, fn. 18 [119 Cal.Rptr. 841, 532 P.2d 1209].) This peremptory challenge of a judge must be made within 10 days after notice of an all purpose assignment of that judge. (§ 170.6, subd. (a)(2).) " 'As a remedial statute, section 170.6 is to be liberally construed in favor of allowing a peremptory challenge, and a challenge should be denied only if the statute absolutely forbids it.' " (*Bravo, supra*, 149 Cal.App.4th at p. 1493, quoting *Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 61–62 [116 Cal.Rptr.2d 616]; see generally *NutraGenetics, LLC v. Superior Court* (2009) 179 Cal.App.4th 243, 251 [101 Cal.Rptr.3d 657] (*NutraGenetics*).)

■ A party is only allowed one such challenge per action. (§ 170.6, subd. (a)(4).) This single challenge rule is further limited by the provision in subdivision (a)(4) of section 170.6 that in an action involving more than one plaintiff or similar party, or defendant or similar party, only one such

---

[4] In its return to the petition, 99¢ Only Stores admitted every salient factual allegation advanced by Pickett, denying only legal conclusions and matters within Pickett's personal knowledge.

disqualifying statement may be made "for each side."[5] That limitation applies even when a separate proceeding is merely a "continuation of the original action out of which it arises and it involves 'substantially the same issues' as the original action." (*McClenny v. Superior Court* (1964) 60 Cal.2d 677, 684 [36 Cal.Rptr. 459, 388 P.2d 691] (*McClenny*); see *Jacobs v. Superior Court* (1959) 53 Cal.2d 187, 190 [1 Cal.Rptr. 9, 347 P.2d 9] (*Jacobs*).) Courts "have been vigilant to enforce the statutory restrictions on the number and timing of motions permitted." (*Solberg, supra*, 19 Cal.3d at p. 197.)

■ The respondent court viewed Pickett's action as the same as and a mere continuation of Bright's suit against 99¢ Only Stores in light of the common claims asserted in the two complaints. Thus, the respondent court concluded that Pickett's opportunity to exercise a peremptory challenge had been exhausted by Bright's earlier disqualification of Judge Lavin. To conclude that one action is a continuation of another requires more than a simple determination that the two actions involve similar parties litigating similar claims. (*NutraGenetics, supra*, 179 Cal.App.4th at p. 258; *Bravo, supra*, 149 Cal.App.4th at p. 1494.) Rather, there must be a subsequent proceeding, the gravamen of which is rooted in, or supplementary to, the initial proceeding. (*NutraGenetics, supra*, 179 Cal.App.4th at pp. 252–257.) That is, the second proceeding must involve "the same parties at a later stage of their litigation with each other, or . . . arise out of conduct in or orders made during the earlier proceeding." (*Id.* at p. 257, italics omitted.) That element is not present here.

The court in *NutraGenetics, supra*, 179 Cal.App.4th at pages 251–259, analyzed the principles concerning the peremptory challenge. In that case, a plaintiff filed an action against the defendants who induced him to invest in a company. When faced with a motion to compel arbitration and stay the litigation, the plaintiff filed a second action against the company itself, raising some similar and some new claims based on the same alleged misconduct and involving the same parties as in the prior action. (*Id.* at pp. 247–248.) The two actions were found to be related and the second case was assigned to the initial trial judge. The plaintiff, in the second action, then filed a peremptory challenge. (*Ibid.*) The court in *NutraGenetics* held that the trial judge properly disqualified herself pursuant to the challenge because the second action was not a continuation of the first. (*Ibid.*)

The court acknowledged that the two cases involved the same parties and arose from common acts of alleged wrongdoing. In surveying case law

---

[5] Section 170.6, subdivision (a)(4) states, "In actions or special proceedings where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, only one motion for each side may be made in any one action or special proceeding."

applying the continuation rule, the court in *NutraGenetics, supra*, 179 Cal.App.4th 243, discerned a second necessary element: that the second action must arise from the first. (*Id.* at pp. 257–258.) Examples of a continuation of a pending matter for purposes of a peremptory challenge include a petition to modify a child custody order in earlier proceedings (*Jacobs, supra*, 53 Cal.2d at p. 190); an indirect contempt proceeding occasioned by a husband's violation of visitation and receivership orders in divorce proceedings (*McClenny, supra*, 60 Cal.2d at pp. 678–679, 684); and an action seeking to remove an arbitrator before whom an already-pending matter was being arbitrated (*Andrews v. Joint Clerks etc. Committee* (1966) 239 Cal.App.2d 285, 289–292, 295–298 [48 Cal.Rptr. 646]).

In contrast, a plaintiff whose first complaint for employment discrimination was dismissed, and who immediately thereafter filed a second complaint against the same defendant for similar claims, was not continuing the first action because the second complaint addressed discrimination on dates subsequent to those described in the first complaint. (*Bravo, supra*, 149 Cal.App.4th at p. 1494.) Nor were two cases considered continuations of a third when three plaintiffs filed three actions suing the same defendant for damages for the same manufacturing defect in each of their vehicles. (*Nissan Motor Corp. v. Superior Court* (1992) 6 Cal.App.4th 150, 153–154, 155 [7 Cal.Rptr.2d 801] (*Nissan*); see also *City of Hanford v. Superior Court* (1989) 208 Cal.App.3d 580, 585, 592–593 [256 Cal.Rptr. 274] [power company's action challenging a judgment in a prior suit due to city's reversing position maintained in prior action not a continuation because no challenge to validity of prior order was made].) Thus, in *Nissan*, when the three cases were consolidated for purposes of trial and two were reassigned to the judge in the first, the defendant in the consolidated case was permitted to exercise a peremptory challenge in connection with the two reassigned cases, even though the defendant had failed to exercise a challenge to the same judge earlier in the first action. (*Nissan, supra*, 6 Cal.App.4th at p. 155.)

■ Applying that case law, the court in *NutraGenetics, supra*, 179 Cal.App.4th at pages 257–262 held that the two cases at issue before it were not a single proceeding for purposes of section 170.6. Even though the plaintiffs were identical, and the wrongful conduct alleged was the same, some defendants and some of the relief sought were different than in the first action. (*NutraGenetics, supra*, 179 Cal.App.4th at pp. 258–259.) Moreover, the second action did not stem from any proceeding or order in the first action. (*Id.* at p. 257.) The same is true here. In this case, it is the named plaintiffs instead of the defendants who differ. Otherwise, the situation is like that described in *NutraGenetics*. Although the alleged wrongful conduct is the same, the second plaintiff, Pickett, is seeking additional relief that goes beyond her representative claims for Labor Code penalties. She seeks an injunction under the provisions of the Civil Code and the Code of Civil Procedure to address her continuing injury. Also, the Pickett action does not

arise out of the Bright action itself, even though the alleged violations are the same. The gravamen of Pickett's complaint is a claim for penalties and injunctive relief based on 99¢ Only Stores's alleged misconduct. The record reveals no effort to enforce, modify, or avoid any order generated in Bright's case or otherwise to obtain a recovery based on some aspect of Bright's action. Thus, 99¢ Only Stores's argument that the Pickett action is a continuation of the Bright action is not supported by the authorities requiring more than an identity of claims and parties to be present to trigger the continuation rule. (*NutraGenetics, supra,* 179 Cal.App.4th at p. 258; *Bravo, supra,* 149 Cal.App.4th at p. 1494.)

99¢ Only Stores argues that Pickett's PAGA allegations are repetitive of Bright's, and both are made on behalf of state enforcement agencies. (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 986 [95 Cal.Rptr.3d 588, 209 P.3d 923] (*Arias*).) 99¢ Only Stores notes that a PAGA claim is brought "as the proxy or agent of the state's labor enforcement agencies." (*Arias,* at p. 986.) "The purpose of the PAGA is not to recover damages or restitution, but to create a means of 'deputizing' citizens as private attorneys general to enforce the Labor Code. [Citation.] . . . [T]he relief is in large part 'for the benefit of the general public rather than the party bringing the action' . . . ." (*Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 501 [128 Cal.Rptr.3d 854].) 99¢ Only Stores further points to the language in *Reyes v. Macy's, Inc.* (2011) 202 Cal.App.4th 1119, 1123 [135 Cal.Rptr.3d 832], that a PAGA claim is not an individual claim but rather a representative action.

■   Nevertheless, here there are two separate actions. The named plaintiffs in both, even though representatives, are different. Pickett seeks injunctive relief, while Bright did not do so. Each named plaintiff who establishes a violation of the Labor Code is entitled to a penalty and her reasonable attorney fees. (Lab. Code, § 2699, subd. (g)(1).) Although a judgment in a PAGA case collaterally estops employees not parties to that case—at least as to civil penalties (*Arias, supra,* 46 Cal.4th at p. 985)—here no such judgment has been entered.

The one challenge per side provision in section 170.6, subdivision (a)(4) refers to "one plaintiff or similar party . . . appearing in the action . . . [and provides] only one motion for each side may be made *in any one action or special proceeding.*" (Italics added.) The Pickett action and Bright action were not "one action." They were separate actions.

99¢ Only Stores further suggests that Pickett's action is, in essence, an attempt by Bright's counsel to bring forward a new representative plaintiff to shore up Bright's failing PAGA claims, even though different attorneys filed Pickett's complaint the same day that 99¢ Only Stores first attacked Bright's

representative allegations. The court in *NutraGenetics, supra*, 179 Cal.App.4th at pages 259–260, recognized the potential abuses inherent in the peremptory challenge procedure contained in section 170.6. The court nevertheless noted that the Legislature promulgated that procedure, and has not amended it despite being alerted to its potential for misuse. (*NutraGenetics, supra*, 179 Cal.App.4th at p. 260.) Thus, the court considered itself bound by the statute (*id.* at pp. 260–261), as do we. (See also *Sambrano v. Superior Court* (1973) 31 Cal.App.3d 416, 420 [107 Cal.Rptr. 274] [if language of § 170.6 "inhibits effective calendar management, as it very well may, the matter is one for the Legislature and beyond our control"].)

## DISPOSITION

The petition for writ of mandate is granted and the requested writ hereby issues. The respondent court is directed to vacate its order of December 16, 2011, striking petitioner's peremptory challenge, and enter a new and different order accepting the challenge. Pickett is awarded her costs in this proceeding.

Turner, P. J., concurred.

**KUMAR, J.,**[*] Concurring.—I concur in the majority decision. Respectfully, I write separately to emphasize the limited nature of the holding in *NutraGenetics, LLC v. Superior Court* (2009) 179 Cal.App.4th 243, 251 [101 Cal.Rptr.3d 657]. After accepting the Code of Civil Procedure section 170.6 challenge filed in the "related" case, the trial judge in *NutraGenetics* transferred both the related case *and* the original case to another judge. (*NutraGenetics, LLC v. Superior Court, supra*, 179 Cal.App.4th at p. 250.) There is nothing in *NutraGenetics* to suggest the two actions were consolidated prior to the filing of the challenge.

*NutraGenetics* should not be considered authority for the proposition that, under these circumstances, Code of Civil Procedure section 170.6 requires the transfer of the *original* case to another judge. Although the writ of mandate was denied, *NutraGenetics* did not expressly address the propriety of reassigning the original case. Cases are not authority for propositions not considered. (*People v. Burnick* (1975) 14 Cal.3d 306, 317 [121 Cal.Rptr. 488, 535 P.2d 352]; *McDowell & Craig v. City of Santa Fe Springs* (1960) 54 Cal.2d 33, 38 [4 Cal.Rptr. 176, 351 P.2d 344].)

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

I agree with the parties' representations at oral argument that Code of Civil Procedure section 170.6 did not require the transfer of Bright's case, i.e., the original action, to another judge. However, a detailed analysis of such a transfer is unnecessary because Bright is not a party to the instant petition and her lawsuit was dismissed.

The petition of real party in interest for review by the Supreme Court was denied May 9, 2012, S201301.