Filed 04/11/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WILLARD BIRTS, JR.<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>Respondent;<br><br>THE PEOPLE,<br><br>Real Party in Interest. | A152923<br><br>(San Mateo County<br>Super. Ct. No. 17-SF-008610-A) |

Petitioner Willard Birts, Jr. (petitioner), was charged with several counts of felony domestic violence, along with special allegations for use of a deadly weapon, serious felony enhancements, prior strikes and prison priors. Shortly after the trial judge ruled on several pretrial motions, real party in interest the People of the State of California (the District Attorney) moved to dismiss the case for insufficient evidence, and the motion was granted. The following day, the District Attorney refiled the case under a new case number. The refiled case was assigned to the same trial judge as before, and the District Attorney immediately moved to disqualify him under Code of Civil Procedure section 170.6 (section 170.6). The motion was granted by respondent superior court. Petitioner now seeks writ relief, arguing the District Attorney's peremptory challenge in the refiled case was an abuse of the judicial process in violation of his due process rights.

We agree that the peremptory challenge should have been denied, but for a different reason. Because the record before us discloses a clear effort by the District

1

Attorney to avoid the effect of the trial judge's orders in the dismissed case, we conclude the second action was a mere continuation of the first, and thus, the peremptory challenge was untimely. Accordingly, we shall grant the petition and direct issuance of a peremptory writ of mandate directing respondent superior court to vacate its order granting the section 170.6 motion and to issue a new order denying the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was arraigned on a felony information with two counts of inflicting corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a); counts one and three), one count of aggravated assault (Pen. Code, § 245, subd. (a)(4); count two), one count of making criminal threats (Pen. Code, § 422, subd. (a); count four), and one count of stalking (Pen. Code, § 646.9, subd. (a); count five). The information alleged personal use of a deadly weapon (Pen. Code, § 12022, subd. (b)(1)) with respect to count three, two prior serious felony convictions (Pen. Code, § 667, subd. (a)(1)), prior strikes (Pen. Code, § 1170.12, subd. (c)(2)), and eight prior prison terms (Pen. Code, § 667.5, subd. (b)).

The case was originally assigned to the Honorable Gerald J. Buchwald for trial. On July 6–7, 2017, Judge Buchwald heard 10 motions in limine filed by the prosecution. He granted four of the motions, deferred ruling on five of the motions, and granted in part and denied in part motion in limine no. 9, by which the District Attorney sought to exclude two statements made by Officer John Russell to a deputy district attorney in a prefiling email. Specifically, Judge Buchwald granted the motion to exclude Officer Russell's statement questioning whether the elements of Penal Code section 646.9 had been met. However, the court denied the District Attorney's motion to exclude that portion of Officer Russell's statement that the confidential victim was " 'a nice and genuine person, but I think she is a little unreliable and inconsistent.' "

On July 10, 2017, Judge Buchwald ruled on three of the previously deferred prosecution motions in limine. He denied without prejudice motion in limine no. 4b (motion to admit petitioner's statements to Officer Russell) and no. 5 (motion to admit petitioner's prior convictions for impeachment), and granted in part, denied in part

2

motion in limine no. 7 (motion to admit the testimony of the prosecution's expert witness).

Later that day, the District Attorney moved to dismiss the case. The prosecutor stated, "The People would move to dismiss for insufficient evidence and with the intention of refiling, which I understand Officer Russell is able to do today. So the defendant will be arraigned tomorrow in the in-custody calendar." When petitioner's counsel asked that the specific reasons for dismissal be put on the record, Judge Buchwald responded, "I'm not sure that they're required to do that. I think they have the right—we have not empaneled a jury yet. There was a waiver of just one day, which would be tomorrow. And I think they have the right to dismiss and refile it tomorrow if that's what they want to do, and their reasons are their work product." Over petitioner's objection, Judge Buchwald granted the motion.

Petitioner was arraigned the following day, July 11, 2017, on a new complaint bearing a different case number. At the arraignment, the prosecutor told the Honorable Clifford V. Cretan that "[t]he dismissal was based on in limine rulings that were made excluding certain evidence. There's no issue with the state of the evidence and refiling." On August 2, 2017, the District Attorney filed a felony information alleging virtually the same felony charges, enhancements, strike offenses and prior offenses, convictions and prison terms as the previous information.[1]

On August 17, 2017, petitioner filed a nonstatutory motion to dismiss the complaint under the doctrine of judicial estoppel. Petitioner argued the District Attorney's dismissal and immediate refiling of charges violated petitioner's due process rights and constituted manipulation of the system because the District Attorney was actually motivated by Judge Buchwald's evidentiary rulings. In opposition, the District Attorney argued the case was properly dismissed prior to jeopardy attaching and within

---

[1] There were no major substantive changes in the offenses alleged between the first information filed on January 31, 2017, and the second information filed on August 2, 2017. There were some minor changes in dates for the alleged prior strikes and prior prison terms.

the statute of limitations for felonies, and the refiling was not barred by the two-dismissal rule of Penal Code section 1387.  In reply, petitioner argued that the District Attorney committed prosecutorial misconduct by misleading the court as to the grounds for moving to dismiss.  The District Attorney filed a response to petitioner's reply, arguing the claim of prosecutorial misconduct was unsubstantiated because the District Attorney was permitted to elect to dismiss and refile a felony case "after receiving unfavorable pre-trial rulings which the prosecutor believed to be fatal to the case."  On September 22, 2017, the Honorable Donald J. Ayoob denied petitioner's nonstatutory motion to dismiss.

Three days later, on September 25, 2017, the presiding judge, the Honorable Susan I. Etezadi, assigned the case from the master calendar back to Judge Buchwald for jury trial.  The District Attorney immediately exercised a section 170.6 peremptory challenge to Judge Buchwald.  Petitioner opposed the challenge, arguing that because the District Attorney had not previously challenged Judge Buchwald and had dismissed and refiled the case after his in limine rulings, allowing the peremptory challenge would "basically come[] down to forum shopping[.]"  Judge Etezadi asked the District Attorney if the refiled case was "the same case that was dismissed after Judge Buchwald made certain rulings and . . . was dismissed for insufficient evidence and then refiled by the People . . . ?"  The District Attorney responded, "It is the same charges, yes."  Noting that the parties had not provided the court with any points or authorities "on this very interesting legal issue," Judge Etezadi granted the section 170.6 motion.  Judge Etezadi also granted petitioner's motion to continue trial to seek relief in the form of a writ, and set a new trial date of December 4, 2017.

On November 20, 2017, petitioner filed a timely petition for writ of mandate challenging the order granting the District Attorney's section 170.6 motion.  We temporarily stayed the trial and requested informal briefing from the parties.  We also served notice that, if appropriate, we might issue a peremptory writ in the first instance pursuant to Code of Civil Procedure section 1088 and *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 (*Palma*).

4

"Section 170.6 permits a party to disqualify a judge for prejudice based upon a sworn affidavit without having to establish the fact of prejudice." (*Bravo v. Superior Court* (2007) 149 Cal.App.4th 1489, 1493 (*Bravo*).) Section 170.6 "guarantees a litigant ' "an extraordinary right to disqualify a judge." ' [Citation.] When a challenge is timely and properly made, the challenged judge immediately loses jurisdiction and must recuse himself." (*Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360, 363–364 (*Ziesmer*).) "A party is limited to a single peremptory challenge 'in any one action or special proceeding.' [Citation.]" (*Id*. at p. 364.) "If directed to the trial of a cause with a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial." (Code Civ. Proc., § 170.6, subd. (a)(2).)

"[S]ection 170.6 is designed to prevent abuse by parties that merely seek to delay a trial or obtain a more favorable judicial forum. [Citations.] An important element of that design is the limitation, in any one action, of each party to a single motion . . . ." (*The Home Ins. Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1032.) "A peremptory challenge may not be made when the subsequent proceeding is a continuation of an earlier action. . . . The rule is designed to prevent forum shopping." (*Bravo*, *supra*, 149 Cal.App.4th at pp. 1493–1494.)

The District Attorney argues that under *Paredes v. Superior Court* (1999) 77 Cal.App.4th 24 (*Paredes*) and *Ziesmer*, *supra*, 107 Cal.App.4th 360, after criminal charges are dismissed and refiled, a new criminal action is commenced for section 170.6 purposes. In *Paredes*, the court held that after a criminal case was dismissed under Penal Code section 1382 (right to speedy trial) and immediately refiled, the defendant's peremptory challenge was timely because the dismissal terminated the action, and the refiling of the case was not a continuation of the dismissed case. (*Paredes*, *supra*, 77 Cal.App.4th at pp. 34–35.) In *Ziesmer*, the court relied on *Paredes* and held that the dismissal of a grand jury indictment pursuant to Penal Code section 995, subdivision (a)(1)(A), was a "termination" of the action for section 170.6 purposes, and the defendant's peremptory challenge in the refiled action was timely. (*Ziesmer*, *supra*,

107 Cal.App.4th at p. 367.) Petitioner argues these cases are distinguishable because they did not involve a dismissal under Penal Code section 1385, which can only be brought by the court or upon the application of the prosecution, not the defendant.

We find that *Paredes* and *Ziesmer* do not control in situations where, as here, the second case is virtually identical to the dismissed case and the sole rationale articulated for the dismissal and refiling is to evade the impact of rulings made in the first case. In the instant matter, the District Attorney has not denied—and indeed has stated rather openly—that the refiled case involves the same charges as before, and that the decision to dismiss the first case was motivated solely by Judge Buchwald's pretrial rulings. In its opposition to the petition for writ of mandate, the District Attorney provided no alternative explanation as to why the state of the evidence was insufficient on one day, but sufficient the next. Rather, the District Attorney acknowledged that the first case was dismissed "because evidentiary rulings hampered the prosecutor's case," a concession the District Attorney did not make to Judge Buchwald when moving to dismiss. Thus, the dismissal and refiling simply erased the effect of Judge Buchwald's evidentiary rulings. Under section 170.6 and the cases interpreting it, we cannot allow such gamesmanship.

We find *NutraGenetics, LLC v. Superior Court* (2009) 179 Cal.App.4th 243 (*NutraGenetics*) and *Pickett v. Superior Court* (2012) 203 Cal.App.4th 887 (*Pickett*), although not cited by the parties, to be instructive. In *NutraGenetics*, the court examined a long line of cases applying the "continuation rule" as it relates to peremptory challenges under section 170.6. The court concluded, "All the cases applying the continuation rule to preclude a peremptory challenge in the second proceeding involve the same parties at a later stage of their litigation with each other, or they arise out of conduct in or orders made during the earlier proceeding." (*NutraGenetics*, *supra*, 179 Cal.App.4th at p. 257, italics omitted.) In *Pickett*, the court applied *NutraGenetics* to conclude that an action under the Labor Code Private Attorneys General Act of 2004 (PAGA) was not a continuation of an earlier filed PAGA action. Although both PAGA actions were brought against the same defendant for failing to provide adequate seating for its cashier employees, the cases were brought by different plaintiffs and sought different relief.

6

(*Pickett*, *supra*, 203 Cal.App.4th at pp. 894–895.)  Furthermore, the court observed that "[t]he record reveals no effort to enforce, modify, or avoid any order generated in [the prior filed] case or otherwise to obtain a recovery based on some aspect of [the prior plaintiff's] action." (*Id.* at p. 895.)

Here, the dismissed and refiled cases are virtually the same, and the record discloses the District Attorney's clear and singular intent to evade the effect of Judge Buchwald's evidentiary rulings by dismissing the prior action.  Thus, the dismissal and immediate refiling constituted efforts to "avoid [an] order generated in" the prior case. (*Pickett*, *supra*, 203 Cal.App.4th at p. 895.)  Because the District Attorney did not challenge Judge Buchwald when he was first assigned as the trial judge in the dismissed case, under the continuation rule articulated in *NutraGenetics* and *Pickett*, the District Attorney's peremptory challenge in the refiled action should have been denied as untimely.[2]

In so holding, we take no position on petitioner's contention that the District Attorney abused the judicial process and engaged in prosecutorial misconduct in violation of his due process rights.  Our conclusion is based on the continuation rule as expressed in *NutraGenetics* and *Pickett* and the clear evidence of the District Attorney's singular intent to avoid an unfavorable ruling in the prior proceeding.

---

[2] We recognize that *NutraGenetics*'s phrase "arise out of . . . orders made during the earlier proceeding" and *Pickett*'s similar phrase "avoid any order generated in" the earlier proceeding can be read more narrowly to describe later proceedings for violation or enforcement of an order made in a prior proceeding.  (See *NutraGenetics*, *supra*, 179 Cal.App.4th at p. 253, italics omitted; *Pickett*, *supra*, 203 Cal.App.4th at pp. 894–895, citing *McClenny v. Superior Court* (1964) 60 Cal.2d 677, 678–679 [indirect contempt proceedings occasioned by a husband's violation of visitation and receivership orders in divorce proceedings was continuation of divorce proceedings].)  However, where, as here, the record discloses a clear and singular intent to avoid the impact of an adverse order in the prior proceeding, we have no trouble finding that the continuation rule should apply.

7

## DISPOSITION

The accelerated *Palma* procedure (*Palma*, *supra*, 36 Cal.3d 171) is appropriate here. Given the clear and indisputable evidence of judge shopping, "petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . ." (*Ng. v. Superior Court* (1992) 4 Cal.4th 29, 35.)

Let a peremptory writ of mandate issue, directing respondent superior court to vacate its order of September 25, 2017, granting the District Attorney's peremptory challenge under section 170.6, and to issue a new order denying the motion. This court's November 30, 2017, order staying the pending trial shall be dissolved on issuance of our remittitur.

_____
Jenkins, J.

We concur:


_____
McGuiness, Acting P.J.*


_____
Pollak, J.

A152923/*Birts v. Super. Ct. of San Mateo County*

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9

A152923/Birts v. Superior Court of San Mateo County

Trial Court:   Superior Court of San Mateo County

Trial Judge:   Susan I. Etezadi, J.

Counsel:       Law Office of L. Scott Sherman and L. Scott Sherman for Petitioner.

               No appearance for respondent.

               Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant
                   Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney
                   General, René A. Chacón, Supervising Deputy Attorney General, for
                   Real Party in Interest.