Filed 7/27/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B299905 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BH012446) |
| v. | |
| THOMAS BRALEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Reversed with directions.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr., and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Thomas Braley appeals from an order denying his petition for recall and resentencing on a prior serious or violent felony and to be considered for elderly parole. After his appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, we asked for supplemental briefing regarding whether the judge who ruled on the petition was disqualified from doing so. Because we conclude that the judge was disqualified from ruling on the petition, we reverse the order and remand.

## BACKGROUND

In March 2007, a jury convicted Braley of second degree robbery (Pen. Code, § 211) and of petty theft with priors (Pen. Code, § 666). He was sentenced in April 2007 to 25 years to life plus two 5-year terms for prior convictions under section 667, subdivision (a)(1). On appeal, the conviction for petty theft with a prior was vacated, and the judgment was affirmed as modified. (*People v. Braley* (Aug. 14, 2008, B199140) [nonpub. opn.].) The California Supreme Court denied review that same year, and the United States Supreme Court denied certiorari in 2009.

In March 2019, Braley filed a petition to dismiss the five-year priors under newly-enacted Senate Bill No. 1393[1] and to be considered for elderly parole under Penal Code section 3055. The Honorable William C. Ryan was assigned to hear the petition. Judge Ryan noted that in 2006 Braley had filed a motion to

---

[1] Effective January 1, 2019, Senate Bill No. 1393 amended Penal Code sections 667 and 1385 to allow a court to exercise its discretion to strike or to dismiss prior serious felony convictions for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1–2.)

disqualify him under Code of Civil Procedure section 170.6[2] in the case underlying the petition. Being timely, Judge Ryan had granted the motion, and the case was reassigned. However, Judge Ryan found that he was not disqualified from now hearing the petition because it was "a new post-conviction proceeding assigned to" him by the director of the criminal writs center under the Superior Court of Los Angeles County, Local Rules, rule 8.33(a)(3), to which section 170.6 did not apply. In further support of his ability to hear the petition, Judge Ryan cited *Maas v. Superior Court* (2016) 1 Cal.5th 962. As to the substantive issues, Judge Ryan found that Senate Bill No. 1393 did not apply to Braley as Braley's case was final long before the bill became effective and denied the request for elderly parole without prejudice because Braley failed to show he had exhausted his administrative remedies.

Braley then filed this appeal. After review of the record, Braley's court-appointed counsel filed an opening brief which raised no issues, asking this court to conduct an independent review of the record, under *People v. Wende*, *supra*, 25 Cal.3d at page 441. Braley filed a supplemental brief.[3] We then asked the parties to brief whether Judge Ryan was disqualified from hearing the petition.

---

[2] All further undesignated statutory references are to the Code of Civil Procedure.

[3] Braley attached numerous exhibits to his supplemental brief, some of which we previously rejected for filing and are irrelevant to the issues on appeal. We do not consider them.

3

## DISCUSSION

Having granted the motion to disqualify himself in 2006 from the underlying case, was Judge Ryan disqualified from considering the subsequent petition under section 170.6?  As we now explain, the answer is yes.

Disqualification of a judge helps ensure public confidence in the judiciary and protects litigants' rights to a fair and impartial adjudicator.  (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1251 (*Peracchi*).)  To that end, section 170.6, subdivision (a)(1) provides that a judge "shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it is established" that the judge is prejudiced against a party or attorney or the interest of a party or attorney in the action or proceeding.  If the motion is properly and timely made, then the action shall be reassigned.  (§ 170.6, subd. (a)(2), (3).)  If "the motion is directed to a hearing, other than the trial of a cause, the motion shall be made not later than the commencement of the hearing."  (§ 170.6, subd. (a)(2).)  When a litigant meets the requirements of section 170.6, disqualification of the judge is mandatory, and there is no requirement it be shown the judge is actually prejudiced.  (*Maas v. Superior Court*, *supra*, 1 Cal.5th at p. 972.)  Section 170.6 must be liberally construed in favor of allowing a peremptory challenge, which should be denied only if the statute absolutely forbids it.  (*Maas*, at p. 973.)  We review a court's ruling on a section 170.6 issue de novo where, as here, the facts are undisputed.  (*Andrew M. v. Superior Court* (2020) 43 Cal.App.5th 1116, 1124.)

When a motion to disqualify is made in a subsequent proceeding, the motion's propriety and timing depend on whether

4

the subsequent proceeding is a continuation of an earlier action or a separate and independent proceeding. " 'A peremptory challenge may not be made when the subsequent proceeding is a continuation of an earlier action.' " (*Manuel C. v. Superior Court* (2010) 181 Cal.App.4th 382, 385.) A subsequent proceeding is a continuation of an earlier action, so as to preclude a peremptory challenge to the judge, if the action involves substantially the same issues and matters necessarily relevant and material to the issues involved in the prior action. (*Ibid.*; *Yokley v. Superior Court* (1980) 108 Cal.App.3d 622, 626.)

Here, Judge Ryan was disqualified from presiding over Braley's 2007 criminal trial. If Braley's subsequent 2019 petition to dismiss his five-year priors and to be considered for elderly parole were a continuation of that original action, then Judge Ryan would have been disqualified from hearing the petition. But if the petition were a separate and independent action, Judge Ryan would not have been disqualified from hearing it, and Braley would have had to file a new motion to disqualify Judge Ryan.

Judge Ryan determined that the petition was separate and independent from the criminal trial because the petition was a postconviction proceeding assigned to him by the director of the criminal writs center per the Superior Court of Los Angeles County, Local Rules, rule 8.33(a)(3). However, that rule merely dictates assignment of certain petitions concerning, for example, parole matters. Even if Braley's petition were properly assigned to Judge Ryan under that rule, nothing in the rule states that section 170.6 is inapplicable to matters assigned to a judge thereunder. And if the rule did so state, then it would be invalid

5

to the extent it conflicted with section 170.6. (See *Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1351–1352.)

The procedural fact that the petition was a postconviction matter assigned per local rules does not answer the key question presented here: whether the petition involved substantially the same issues and matters necessarily relevant and material to the issues in Braley's prior criminal trial. As to that issue, Braley's petition raised sentencing issues, i.e., whether he was entitled to have priors stricken or dismissed and to be considered for elderly parole. These issues are inextricably linked to what occurred at trial.

The court in *Peracchi*, *supra*, 30 Cal.4th 1245 considered the general nature of sentencing within the specific context of whether resentencing after a remand is a new trial within the meaning of section 170.6, subdivision (a)(2).[4] That section permits a party to move to disqualify a judge following either reversal on appeal of a decision or final judgment of that judge, if the trial judge in the prior proceeding is assigned to conduct a new trial in the matter. (§ 170.6, subd. (a)(2).) The defendant in *Peracchi* had appealed from a judgment of conviction and the case was remanded to the trial court to retry one of the counts against him or, if the prosecution elected not to retry it, for resentencing. (*Peracchi*, at p. 1250.) On remand, the matter was assigned to the judge who had presided over trial. The defendant moved to disqualify the judge, who denied the motion because the prosecution had elected not to retry the count at issue. (*Ibid.*)

---

[4] *Peracchi*, *supra*, 30 Cal.4th at page 1248 considered a former version of section 170.6, subdivision (a)(2). That former version is substantively unchanged from the current one.

6

The matter therefore was before the judge for resentencing only. *Peracchi* concluded that the motion was properly denied because resentencing after remand is not a new trial within the meaning of the statute. (*Id.* at pp. 1257–1258.)

In reaching that conclusion, *Peracchi*, *supra*, 30 Cal.4th 1245 made observations about sentencing that are apt here. At a sentencing or resentencing hearing the trial court resolves issues in light of what occurred at trial. (*Id.* at p. 1254.) For this reason, the usual procedure is to have the judge who presided over trial preside over sentencing and resentencing. (*Ibid.*) The original trial judge is in the best position to preside because the original trial judge must exercise sentencing discretion "on the basis of the preexisting trial record and verdict." (*Id.* at p. 1257.) The court may consider certain factual issues that relate to the choice of appropriate sentence, "but the court resolves those issues in light of what occurred at trial, including its own impressions of matters such as the defendant's demeanor and conduct at trial." (*Id.* at p. 1254.)

*Peracchi*'s reasoning as to why resentencing does not constitute a new trial supports a conclusion that resentencing is also a continuation of the original action. What happened at trial appropriately informs sentencing decisions. Braley's petition— whatever its procedural merits—asked to have his five-year terms stricken or dismissed in the interests of justice. Whether to strike or to dismiss a prior felony enhancement under Senate Bill No. 1393 is a discretionary call that necessarily will be informed by what happened at trial. Stated otherwise, whether to strike or dismiss the enhancement is bound to involve a "contested issue of law or fact." (§ 170.6, subd. (a)(1).) When Braley successfully moved to disqualify Judge Ryan from

7

presiding over his trial, Braley did so presumably in part because he did not want him in a position to exercise discretion over contested issues of law or fact.

Similarly, what happened at Braley's trial will necessarily inform whether he should be considered for elderly parole. Although a criminal trial deals with the determination of the defendant's guilt for the crimes charged and parole concerns an inmate's suitability for release into the community, the two issues are not independent of each other. Rather, a life prisoner's suitability for parole requires consideration of, among many factors: the prisoner's criminal history; the commitment offenses; behavior before, during, and after the crime; and past and present attitude toward the crime. (Cal. Code Regs., tit. 15, § 2402, subd. (b).) Circumstances surrounding the commitment offense, for example, if it was committed in an especially heinous, atrocious, or cruel manner, may weigh against a grant of parole. (Cal. Code Regs., tit. 15, § 2402, subd. (c)(1).) To this, the Elderly Parole Program provides that when the Board of Parole Hearings considers the release of an "inmate who is 60 years of age or older and has served a minimum of 25 years of continuous incarceration," (Pen. Code, § 3055, subd. (a)) "the board shall give special consideration to whether age, time served, and diminished physical condition, if any, have reduced the elderly inmate's risk for future violence" (Pen. Code, § 3055, subd. (c)). Hence, suitability for parole implicates issues necessarily relevant and material to those resolved at trial.

Because the issues Braley raised in his petition were a continuation of the underlying action from which Judge Ryan was disqualified, Judge Ryan was also disqualified from ruling on the petition. *Maas v. Superior Court*, *supra*, 1 Cal.5th 962, does

8

not convince us otherwise. The *Maas* court considered whether a petitioner who collaterally attacks a criminal conviction and sentence by filing a petition for writ of habeas corpus is entitled to peremptorily challenge the judge *before* any order to show cause is issued. In concluding that such a challenge may be made, the court noted that a petition for writ of habeas corpus may be summarily denied because it fails to state a prima facie case for relief, or the claims are procedurally barred. (*Id.* at p. 974.) Such an initial determination nonetheless may involve a contested issue of law, and therefore the petitioner is entitled to peremptorily challenge the assigned judge before any order to show cause issues. (*Id.* at pp. 977–978.) Summary denial of a petition does not mean that the court hearing the petition has not considered the petition's merits. (*Id.* at p. 978.)

To the extent Judge Ryan's summary denial of Braley's petition on procedural grounds can be likened to a summary denial of a petition for writ of habeas corpus on procedural grounds, *Maas v. Superior Court* supports a conclusion that Judge Ryan was disqualified from ruling on the petition.

Finally, we recognize that another judge may reach the same conclusion as did Judge Ryan, that Braley's petition lacks procedural merit. That may be, but the conclusion must be reached by another adjudicator per the strictures of section 170.6.

**DISPOSITION**

The order is reversed with directions to reassign the petition to a different judge.

CERTIFIED FOR PUBLICATION.


DHANIDINA, J.


We concur:



LAVIN, Acting P. J.



EGERTON, J.