[No. B220016. Second Dist., Div. Five. Nov. 12, 2010.]

EUGINA BRIGHT, Plaintiff and Appellant, v.
99¢ ONLY STORES, Defendant and Respondent.

1474

## COUNSEL

Dostart Clapp Gordon & Coveney, James F. Clapp, Marita Murphy Lauinger, Zachariah P. Dostart; Altshuler Berzon, Michael Rubin and Emily White for Plaintiff and Appellant.

Munger, Tolles & Olson, Malcolm Heinicke, Mark H. Epstein, Katherine M. Forster and Puneet K. Sandhu for Defendant and Respondent.

## OPINION

**KRIEGLER, J.**—The Labor Code[1] provides that the labor conditions set by the Industrial Welfare Commission (Commission) shall be the standard labor conditions for employees. A Commission wage order provides that employees shall be provided suitable seating, if reasonable, during the performance of their duties. The Labor Code also establishes the Labor Code Private Attorneys General Act of 2004 (§ 2698 et seq.), which allows an employee to bring an action for civil penalties for violations of provisions of the Labor Code, except those provisions for which a civil penalty is provided (§ 2699, subds. (f), (g)(1)).

■ The question in this case is whether an employee may state a cause of action for civil penalties under the Labor Code Private Attorneys General Act of 2004 for violation of the suitable seating order of the Commission. We answer that question in the affirmative.

In this action for penalties for violation of the Labor Code, plaintiff and appellant Eugina Bright appeals from a judgment of dismissal entered after the trial court sustained the demurrer of defendant and respondent 99¢ Only Stores to Bright's class action complaint. Bright sought civil penalties under section 2699, subdivision (f), for violation of section 1198 in that 99¢ Only Stores failed to provide its employees with suitable seating under Commission wage order No. 7-2001, subdivision 14 (Cal. Code Regs., tit. 8, § 11070, subd. 14) ("Wage Order No. 7, subdivision 14" or the "suitable seating requirement").[2]

---

[1] Statutory references are to the Labor Code, unless otherwise indicated.

[2] Wage Order No. 7, subdivision 14 provides: "(A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats. [¶] (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

On appeal, Bright contends the trial court erred in ruling that (1) violations of Wage Order No. 7, subdivision 14 are not violations of section 1198; and (2) civil penalties under section 2699, subdivision (f) are not available, because Commission wage order No. 7-2001 has its own penalty provision. We conclude violations of Wage Order No. 7, subdivision 14 are violations of section 1198 and civil penalties under section 2699, subdivision (f) are available. Accordingly, we reverse the judgment.

## PROCEDURAL BACKGROUND

*Allegations of Complaint*

In "Class Action Complaint for Violation of the Labor Code Private Attorneys General Act of 2004 ([§] 2698 et seq.)," filed June 11, 2009, Bright alleged she was employed as a cashier at 99¢ Only Stores. The 99¢ Only Stores did not provide its cashiers with seats, despite the fact that the nature of the work reasonably permitted the use of seats. In the complaint's sole cause of action, Bright alleged 99¢ Only Stores violated section 1198 by failing to provide Bright[3] with a seat in violation of Wage Order No. 7, subdivision 14. Bright alleged she satisfied all conditions for filing the complaint, including exhaustion of administrative remedies. Bright sought penalties against 99¢ Only Stores under section 2699, subdivision (f), attorney fees, and costs.

*Demurrer to the Complaint*

The 99¢ Only Stores contended the complaint failed to allege facts sufficient to state a cause of action because (1) a violation of Wage Order No. 7, subdivision 14 is not a violation of section 1198; and (2) even if violations of Wage Order No. 7, subdivision 14 are unlawful under section 1198, civil penalties are not available under section 2699, subdivision (f), because Commission wage order No. 7-2001 has its own penalty provision.

*Trial Court's Ruling*

The trial court sustained the demurrer without leave to amend, dismissed the complaint with prejudice, and entered judgment in favor of 99¢ Only Stores. The court ruled a failure to provide suitable seating is not a violation of section 1198, because such failure is not a condition "prohibited" by Wage Order No. 7, subdivision 14. Even if a failure to provide suitable seating is a prohibited condition of labor, civil penalties are not recoverable under section 2699, subdivision (f), because Commission wage order No. 7-2001 contains

---

[3] As the class has not been certified, we will not summarize the class allegations.

its own civil penalty provision in subdivision 20 (subdivision 20), which restricts civil penalties to cases where the employee was underpaid. Because Bright cannot allege she was underpaid, 99¢ Only Stores' demurrer was well taken.

## DISCUSSION

*Standard of Review*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

*Suitable Seating Is a Condition of Labor Encompassed by Section 1198*

Bright contends section 1198 encompasses violations of Wage Order No. 7, subdivision 14, such that a violation of the latter is a violation of the former. Neither party cites any appellate authority interpreting section 1198 in the context of the suitable seating requirement, and none has been discovered in our independent research. We conclude that Bright's arguments are correct.

■ " 'The interpretation of a statute is a question of law, which we review de novo. [Citation.]' [Citation.]" (*Ho v. Hsieh* (2010) 181 Cal.App.4th 337, 344–345 [105 Cal.Rptr.3d 17].) "Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] We must look to the statute's words and give them their usual and ordinary meaning. [Citation.] The statute's plain meaning controls the court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent. [Citation.]" (*Green v. State of California* (2007) 42 Cal.4th 254, 260 [64 Cal.Rptr.3d 390, 165 P.3d 118].) "In doing so, however, we do not consider the statutory language in isolation. [Citation.] Rather, we look to 'the entire substance of

the statute . . . in order to determine the scope and purpose of the provision . . . .' [Citation.] We avoid any construction that would produce absurd consequences." (*Flannery v. Prentice* (2001) 26 Cal.4th 572, 578 [110 Cal.Rptr.2d 809, 28 P.3d 860].) It is a "basic rule of statutory construction [that]: insofar as possible, we must harmonize code sections relating to the same subject matter and avoid interpretations that render related provisions nugatory." (*Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1325 [104 Cal.Rptr.3d 195, 223 P.3d 57].)

We begin by examining the statutory and administrative scheme, starting with section 1198, which provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

■ In accordance with its power under section 1198, the Commission adopted wage order No. 7-2001 in 1979 as one of "a series of industry-wide 'wage orders,' prescribing the minimum wages, maximum hours, and standard conditions of employment for employees in this state." (*Industrial Welfare Com. v. Superior Court* (1980) 27 Cal.3d 690, 698 [166 Cal.Rptr. 331, 613 P.2d 579].) The Commission was "vested with broad statutory authority to investigate 'the comfort, health, safety, and welfare' of the California employees under its aegis [citation] and to establish . . . '[t]he standard conditions of labor demanded by the health and welfare of [such employees] . . .' [citation.]"[4] (*Industrial Welfare Com.*, at p. 701.) " '[I]n light of the remedial nature of the legislative enactments authorizing the regulation of wages, hours and working conditions for the protection and benefit of employees, the statutory provisions are to be liberally construed with an eye to promoting such protection.' (*Industrial Welfare Com. v. Superior Court*[, *supra*, at p.] 702 . . . .)" (*Ramirez v. Yosemite Water Co.* (1999) 20 Cal.4th 785, 794 [85 Cal.Rptr.2d 844, 978 P.2d 2].)

■ Section 1198's plain meaning controls our interpretation. The suitable seating requirement is a "standard condition[] of labor fixed by the commission." (§ 1198.) Such conditions "shall be . . . the standard conditions of labor for employees." (*Ibid.*) By incorporating the suitable seating requirement into section 1198's required conditions of labor, a violation of the suitable seating requirement is a violation of section 1198. Employment under a condition that violates section 1198 is "employment . . . under conditions of labor prohibited by the order" and, accordingly, "is unlawful." (§ 1198.)

---

[4] California Constitution, article XIV, section 1 provides: "The Legislature may provide for minimum wages and for the general welfare of employees and for those purposes may confer on a commission legislative, executive, and judicial powers."

The 99¢ Only Stores contends the use of the word "prohibited" in the second sentence of section 1198 means the only labor conditions whose violation is unlawful are those that are drafted in prohibitory language, such as the words "shall not."[5] According to 99¢ Only Stores, compliance with the suitable seating requirement is not required by law, because Wage Order No. 7, subdivision 14 does not phrase the seating standard in prohibitory terms, as in, "employees shall not fail to be provided with suitable seats." The language employed by the Commission is in affirmative terms: "employees shall be provided with suitable seats . . . ." (Wage Order No. 7, subd. 14.) We reject 99¢ Only Stores' interpretation.

■ The 99¢ Only Stores would have us disregard the specific language of section 1198 which unambiguously provides that the conditions of labor fixed by the Commission "shall be" the standard conditions of labor. (See *Green v. State of California, supra,* 42 Cal.4th at p. 264.) " '[S]hall' is mandatory." (*County of Orange v. Bezaire* (2004) 117 Cal.App.4th 121, 129 [11 Cal.Rptr.3d 478] ["[T]he word 'shall' is mandatory—no way you [cannot] do it."]; see § 1185.) Thus, all of the conditions phrased in either mandatory or prohibitory terms, are encompassed by section 1198.

■ Under 99¢ Only Stores' theory, because the mandatory provisions are not expressed in prohibitory language, they are merely suggestions, a conclusion we reject as not in keeping with the remedial purpose of the statute. "[The suitable seating provision] is not permissive. It is a part of an order which states what employers 'shall' do. It is implied that failing to do what the provision orders is prohibited. To interpret the Wage Orders as not prohibiting, and therefore allowing, any work condition unless the provision is phrased in the negative, *i.e.,* using the word 'not,' would be contrary to common sense." (*Kilby v. CVS Pharmacy, Inc.* (S.D.Cal., Aug. 23, 2010, Civ. No. 09cv2051-L(CAB)) 2010 U.S.Dist. Lexis 86515, p. *7.) Moreover, if the mandatory conditions are not required by law, they could not be enforced, yet violations are enforceable in both criminal actions and injunctive proceedings. (See §§ 1199, 1194.5.) ■ Further, compliance with the mandatory conditions of labor is required by section 1185, which provides that orders fixing standard conditions of labor are "valid and operative."

■ Accordingly, section 1198 renders unlawful violations of the suitable seating requirement of Wage Order No. 7, subdivision 14.

---

[5] Under 99¢ Only Stores' interpretation, most of the labor conditions fixed in wage order No. 7—subdivisions 7 (records), 9 (uniforms and equipment), 10(D) (meals), 11(C) and (E) (meal periods), 12 (rest periods), 13 (change rooms and resting facilities), 14 (seats), 15 (temperature), 16 (elevators)—would not be incorporated into section 1198, because they are written in terms of what the employer "shall" do, rather than what the employer "shall not" do.

*Applicability of Section 2699, Subdivision (f)*

Bright contends the civil penalties provided by section 2699, subdivision (f) are available for violation of the suitable seating requirement because no other civil penalty provision applies. Again, we agree.

"As quasi-legislative regulations, the wage orders are to be construed in accordance with the ordinary principles of statutory interpretation." (*Collins v. Overnite Transportation Co.* (2003) 105 Cal.App.4th 171, 179 [129 Cal.Rptr.2d 254]; accord, *Watkins v. Ameripride Servs.* (9th Cir. 2004) 375 F.3d 821, 825.) As with the first contention on appeal, there is no appellate authority interpreting section 2699, subdivision (f) in the context of a violation of the suitable seating requirement.

Section 2699, subdivision (f), which was added in 2003,[6] provides in pertinent part: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation[7] of these provisions, as follows: [¶] (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500). [¶] (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."[8]

Section 2699 is part of the Labor Code Private Attorneys General Act of 2004, which "was adopted to augment the enforcement abilities of the Labor Commissioner with a private attorney general system for labor law enforcement. 'The Legislature declared its intent as follows: "(c) Staffing levels for state labor law enforcement agencies have, in general, declined over the last decade and are likely to fail to keep up with the growth of the labor market in the future. [¶] (d) *It is therefore in the public interest to provide that civil penalties for violations of the Labor Code may also be assessed and collected by aggrieved employees acting as private attorneys general,* while also ensuring that state labor law enforcement agencies' enforcement actions have primacy over any private enforcement efforts undertaken pursuant to this act." (Stats. 2003, ch. 906, § 1, italics added.)' [Citation.]" (*Lloyd v. County of Los Angeles* (2009) 172 Cal.App.4th 320, 332 [90 Cal.Rptr.3d 872].)

---

[6] Statutes 2003, chapter 906, section 2.

[7] " 'Violation' includes a failure to comply with any requirement of the code." (§ 22.)

[8] The trial court has discretion to award less than the maximum amount of the civil penalty if "to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory" in the circumstance of the particular case. (§ 2699, subd. (e)(2).)

█ The statute's plain meaning again controls our interpretation. Section 2699, subdivision (f) makes its civil penalty applicable to violations of "all provisions of this code except those for which a civil penalty is specifically provided." (§ 2699, subd. (f).) Section 1198, the code section Bright contends was violated, contains no civil penalty. (See § 1198.) Nowhere in the Labor Code is a civil penalty specifically provided for violations of the suitable seating requirement incorporated in section 1198. Thus, section 2699, subdivision (f), by its terms, allows for a civil penalty for violations of section 1198 based on failure to comply with the suitable seating requirement.

The 99¢ Only Stores contends that, since Commission wage order No. 7-2001 contains a civil penalty provision in subdivision 20, the penalties in section 2699, subdivision (f) are not available. We disagree with that interpretation, as subdivision 20 contains no civil penalty for violations of the suitable seating requirement, and its civil penalties refer only to wage violations, as indicated: "(A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of: [¶] (1) Initial Violation—$50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. [¶] (2) Subsequent Violations—$100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages. [¶] (3) The affected employee shall receive payment of all wages recovered. [¶] (C) The labor commissioner may also issue citations pursuant to . . . Section 1197.1 for non-payment of wages for overtime work in violation of this order." (Cal. Code Regs., tit. 8, § 11070, subd. 20.)

█ The plain language of subdivision 20—"[i]n addition to any other civil penalties provided by law"—shows that subdivision 20 is not meant to be the exclusive remedy for every violation of Commission wage order No. 7-2001. When a statute states that its remedies are " 'in addition to any other remedies . . . which may be available to plaintiff,' " its remedies are "nonexclusive." (*Rayan v. Dykeman* (1990) 224 Cal.App.3d 1629, 1634 [274 Cal.Rptr. 672].)

Accordingly, we conclude section 2699, subdivision (f)'s civil penalties are available for a violation of section 1198, based on failure to comply with Wage Order No. 7, subdivision 14. (Accord, *Currie-White v. Blockbuster, Inc.* (N.D.Cal., Aug. 5, 2009, No. C-09-2593 MMC) 2009 U.S.Dist. Lexis 68438, pp. *1–*3.)

## DISPOSITION

The judgment is reversed. Costs on appeal are awarded to Bright.[9]

Armstrong, Acting P. J., and Mosk, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 16, 2011, S189216. Baxter, J., was of the opinion that the petition should be granted.

---

[9] To the extent Bright requested costs and attorney fees under Labor Code section 2699, subdivision (g)(1) and Code of Civil Procedure section 1021.5, we deny the request as premature.