**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| NYKEYA KILBY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff-Appellant*,<br><br>v.<br><br>CVS PHARMACY, INC.,<br>*Defendant-Appellee*. | No. 12-56130<br><br>D.C. No.<br>3:09-cv-02051-MMA-KSC |
| KEMAH HENDERSON, individually and on behalf of all others similarly situated; TAQUONNA LAMPKINS, individually and on behalf of all others similarly situated; CAROLYN SALAZAR, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs-Appellants*,<br><br>v.<br><br>JPMORGAN CHASE BANK NA,<br>*Defendant-Appellee*. | No. 13-56095<br><br>D.C. No.<br>2:11-cv-03428-PSG-PLA<br><br><br>ORDER |

Filed December 31, 2013

Before: Barry G. Silverman, Consuelo M. Callahan,
and N. Randy Smith, Circuit Judges.

## SUMMARY[*]

### Certification to California Supreme Court

The panel certified questions to the California Supreme Court concerning the proper interpretation of Section 14 in California Wage Order 4-2001 and California Wage Order 7-2001.

The panel certified the following questions to the California Supreme Court regarding Section 14(A) of California Wage Order 4-2001 and California Wage Order 7-2001:

1. Does the phrase "nature of the work" refer to an individual task or duty that an employee performs during the course of his or her workday, or should courts construe "nature of the work" holistically and evaluate the entire range of an employee's duties?

   a. If the courts should construe "nature of the work" holistically, should the courts consider the entire range of an employee's duties if more than half of an employee's time is spent performing tasks that reasonably allow the use of a seat?

2. When determining whether the nature of the work "reasonably permits" the use of a seat, should

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

courts consider any or all of the following: the employer's business judgment as to whether the employee should stand, the physical layout of the workplace, or the physical characteristics of the employee?

3. If an employer has not provided any seat, does a plaintiff need to prove what could constitute "suitable seats" to show the employer has violated Section 14(A)?

## ORDER

These cases require us to decide, as a matter of California law, the proper interpretation of Section 14 in California Wage Order 4-2001 and California Wage Order 7-2001.[1] Both sections address the circumstances under which an employer has an obligation to provide an employee with a seat. We respectfully request that the California Supreme Court exercise its discretion to decide the certified questions set forth below.

### I.  Questions Certified

The applicable Wage Orders require that an employer provide "suitable seats" to employees "when the nature of the work reasonably permits the use of seats." IWC Wage Order

---

[1] The language of Section 14 is identical in both Wage Orders. Wage Order 4-2001 covers professional, technical, clerical, mechanical, and similar occupations and is codified at California Code of Regulations, Title 8, Section 11040. Wage Order 7-2001 covers the mercantile industry and is codified at California Code of Regulations, Title 8, Section 11070.

4-2001 § 14(A); IWC Wage Order 7-2001 § 14(A). Pursuant to Rule 8.548 of the California Rules of Court, we request that the California Supreme Court answer the following questions regarding Section 14(A) of these Wage Orders:

1. Does the phrase "nature of the work" refer to an individual task or duty that an employee performs during the course of his or her workday, or should courts construe "nature of the work" holistically and evaluate the entire range of an employee's duties?

   a. If the courts should construe "nature of the work" holistically, should the courts consider the entire range of an employee's duties if more than half of an employee's time is spent performing tasks that reasonably allow the use of a seat?

2. When determining whether the nature of the work "reasonably permits" the use of a seat, should courts consider any or all of the following: the employer's business judgment as to whether the employee should stand, the physical layout of the workplace, or the physical characteristics of the employee?

3. If an employer has not provided any seat, does a plaintiff need to prove what would constitute "suitable seats" to show the employer has violated Section 14(A)?

The California Supreme Court shall not be bound by our phrasing of the questions. Cal. R. Ct. 8.548(f)(5). We agree

to accept and follow the court's decision. Cal. R. Ct. 8.548(b)(2).

## II. Statement of Facts

*Kilby v. CVS Pharmacy, Inc.*, Case No. 12-56130

Nykeya Kilby ("Kilby") worked for CVS Pharmacy, Inc. ("CVS") as a Clerk/Cashier for an eight-month period in 2008. Her primary responsibility was to operate a cash register at the front of the store. This responsibility included scanning merchandise, bagging merchandise, and processing customer payments. Kilby spent about ninety percent of her time operating the cash register. The rest of the time she performed tasks that required her to move around the store, such as gathering shopping carts and restocking display cases.

CVS informed Kilby during her training that she would be expected to stand for long periods of time. CVS has a policy of not providing seats to Clerk/Cashiers because, in CVS's judgment, standing while operating the cash register promotes excellent customer service. Pursuant to this policy, CVS did not furnish Kilby with a seat while she operated the cash register.

Kilby brought a putative class action in the U.S. District Court for the Southern District of California on behalf of current and former employees of CVS who held the position of Clerk/Cashier. Kilby alleged a violation of California Wage Order 7-2001 Section 14(A). The district court found that the "'nature of the work' performed by an employee must be considered in light of that individual's entire range of assigned duties" and that "courts should consider an employer's 'business judgment' when attempting to discern

the nature of an employee's work." Using this interpretation of Section 14, the district court denied class certification because the duties of Clerk/Cashiers are inconsistent from day to day, from shift to shift, and from employee to employee. The district court also granted summary judgment to CVS, because many of Kilby's duties required her to stand, CVS expects its Clerk/Cashiers to stand, and CVS informed Kilby of that expectation.

*Henderson v. JPMorgan Chase Bank*, Case No. 13-56095

Kemah Henderson, Taquonna Lampkins, Carolyn Salazar, and Tamanna Dalton (together "Henderson"), all former tellers employed by JPMorgan Chase Bank ("JPMorgan"), brought a putative class action on behalf of current and former tellers of JPMorgan. Henderson alleged a violation of California Wage Order 4-2001 Section 14(A). Pursuant to its company policy, JPMorgan does not provide its tellers with seats.

All tellers spend a majority of their time at their teller station accepting deposits, cashing checks, and handling withdrawals. Tellers may also have additional duties, such as escorting customers to safety deposit boxes, working the drive-up teller window, or checking if ATMs are working properly. In addition, some of JPMorgan's banks have physical differences in their layouts. The district court denied class certification, because it interpreted Section 14 to mean that the nature of a teller's work could change based on the tasks the teller performs while away from the teller station, the bank at which the teller works, and which shift the teller works.

### III.    Explanation of Certification

This request satisfies the requirements of Rule 8.548(a) of the California Rules of Court, because there is no controlling California precedent explaining how Section 14 of California Wage Order 4-2001 and Wage Order 7-2001 should be interpreted, and this question will determine the issues on appeal in these cases. The ambiguity of Section 14 and the consequences of its meaning to the citizens of California lead us to conclude that its interpretation should be left to the California Supreme Court.

Section 14(A) requires that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." IWC Wage Order 4-2001 § 14; IWC Wage Order 7-2001 § 14. The Wage Orders provide no definitions for "nature of the work," "reasonably permits," or "suitable seats." Thus, we must start with the text of Section 14 to find the meaning of these phrases. *See Martinez v. Combs*, 231 P.3d 259, 268 (Cal. 2010).

Kilby and Henderson contend that Section 14 refers to discrete tasks performed by employees. In their view, if an employee is engaged in a task that can objectively be performed while seated, the employer must provide the employee with a suitable seat. Under this interpretation, neither the employee's other tasks nor the employer's business judgment would affect whether the nature of the work reasonably permits the use of seats.

CVS and JPMorgan contend that the language of Section 14 requires courts to take a holistic approach. Under this approach, courts should discern the nature of an employee's

work by considering the entire range of tasks the employee actually performs in combination with the employee's job description, the layout of the workplace, the employer's business judgment concerning the employee's job, and any other factors the court deems relevant. An employer would only be subject to Section 14(A) when all of these factors taken together reasonably permit the use of a seat.

The district courts in both cases adopted a holistic approach. The district court in *Kilby v. CVS Pharmacy, Inc.* read Section 14(A) to require an inquiry into how an employee spends his or her time during the workday. The district court applied the holistic approach by asking whether "the majority of an employee's assigned duties must physically be performed while standing[;]" if the answer is yes, then "the 'nature of the work' requires standing."[2] The district court in *Henderson v. JPMorgan Chase Bank* cited *Kilby v. CVS Pharmacy, Inc.* in its interpretation of Section 14(A).

Even though the holistic approach and the individual task approach would produce drastically different results, the text of the regulation precludes neither. Because "the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction." *Martinez*, 231 P.3d at

---

[2] Even if the proper interpretation of Section 14(A) requires a holistic approach, Kilby and JPMorgan disagree with the "majority of an employee's assigned duties" application of that approach. Kilby contends that an employee may be entitled to a seat even if all of the employee's tasks that reasonably permit the use of a seat consume less than a majority of the employee's time. JPMorgan contends that an employee may not be entitled to a seat, even if tasks that reasonably permit the use of a seat consume the majority of an employee's time.

268. "In cases of uncertain meaning, we may also consider the consequences of a particular interpretation, including its impact on public policy." *Id.* (quoting *Wells v. One2One Learning Found.*, 141 P.3d 225, 236 (Cal. 2006)). "We are hesitant, however, to speculate about *which* general maxims of statutory construction the [California Supreme Court] would use to interpret [these Wage Orders] and what result that court would reach." *See Doyle v. City of Medford*, 565 F.3d 536, 542 (9th Cir. 2009).

Section 14 could have a dramatic impact on public policy in California as well as a direct impact on countless citizens of that state, both as employers and employees. Even a conservative estimate would put the potential penalties in these cases in the tens of millions of dollars. *See* Cal. Lab. Code § 2699(f)(2) ("If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."); *see also Home Depot U.S.A., Inc. v. Super. Ct.*, 120 Cal. Rptr. 3d 166, 177 (Cal. Ct. App. 2010) (finding California Labor Code § 2699(f)(2) applies to Section 14 of Wage Order 7-2001); *Bright v. 99cents Only Stores*, 118 Cal. Rptr. 3d 723, 730 (Cal. Ct. App. 2010) (same).

Such liability could be imposed upon a large number of employers throughout California, depending on the interpretation given to Section 14. Indeed, in addition to the three employers now before this panel facing potential penalties for violating Section 14, numerous actions have been brought against other employers in California state courts based on the same claim. *See, e.g.*, *Hall v. Rite Aid*

*Corp.*, Case No. D062909 (Cal. Ct. App. 2013). Moreover, were Section 14 given an interpretation that imposed liability on these employers, it would also mean thousands of California's employees would be entitled to seats. These "consequences of a particular interpretation," *Martinez*, 231 P.3d at 268, would most appropriately be considered and weighed by California's highest court.

Furthermore, "the existence of parallel state and federal proceedings that address the same legal question presents the risk of inconsistent judgments as to the proper interpretation of [the Wage Orders]." *See Doyle*, 565 F.3d at 544. Due to the operation of the federal Class Action Fairness Act, many cases of this type have been and likely will continue to be removed to federal court and thus evade review by California courts. A definitive decision from the California Supreme Court would avert the potential uncertainty of federal courts and state courts adopting different interpretations of Section 14 and would provide businesses in California with clear guidance on how to comply with the Wage Orders.

In sum, we do not think it is appropriate to substitute our judgment for that of the California Supreme Court in interpreting California Wage Orders that could have far-reaching effects on California's citizens and businesses. Instead, "[i]n a case such as this one that raises a new and substantial issue of state law in an arena that will have broad application, the spirit of comity and federalism cause us to seek certification." *Kremen v. Cohen*, 325 F.3d 1035, 1038 (9th Cir. 2003).

## IV.    Administrative Information

The title and number of the cases are as follows: *Kilby v. CVS Pharmacy, Inc.*, Case No. 12-56130 and *Henderson v. JPMorgan Chase Bank*, Case No. 13-56095.

The name and address of counsel for the parties are as follows:

*Kilby v. CVS Pharmacy, Inc.*, Case No. 12-56130

*Counsel for Plaintiff-Appellant Nykeya Kilby*

Michael Rubin
Connie K. Chan
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108

Kevin J. McInerney
McInerney & Jones
18124 Wedge Parkway, Suite 503
Reno, NV 89511

James F. Clapp
James T. Hannink
Zach P. Dostart
Dostart Clapp & Coveney, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122

Matthew Righetti
Righetti Glugoski, PC
456 Montgomery Street, Suite 1400
San Francisco, CA 94104

*Counsel for Defendant-Appellee CVS Pharmacy, Inc.*

Timothy J. Long
Orrick, Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814

Michael D. Weil
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

*Henderson v. JPMorgan Chase Bank*, Case No. 13-56095

*Counsel for Plaintiffs-Appellants Henderson and Lampkins*

Kevin J. McInerney
18124 Wedge Parkway, 503
Reno, NV 89511

*Counsel for Plaintiff-Appellant Dalton*

Mark A. Ozzello
Arias Ozzello & Gignac LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045

*Counsel for Plaintiff-Appellant Salazar*

Raul Perez
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, CA 90067

*Counsel for Defendant-Appellee JPMorgan Chase Bank*

Carrie A. Gonell
John A. Hayashi
Morgan, Lewis & Bockius LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614

Samuel S. Shaulson
101 Park Avenue
New York, NY 10178

As required by Rule 8.548(b)(1), we designate Plaintiffs-Appellants Nykeya Kilby, Kemah Henderson, Taquonna Lampkins, Carolyn Salazar, and Tamanna Dalton as petitioners if the request is granted.

The Clerk of the Court is hereby directed to immediately transmit to the Supreme Court of California, under official seal of the Ninth Circuit, an original and ten copies of this order and request for certification, a certificate of service on the parties, and all relevant briefs and excerpts of record pursuant to California Rules of Court 8.548(c)–(d). The Clerk shall provide additional record materials if so requested by the Supreme Court of California. Cal. R. Ct. 8.548(c).

These cases are withdrawn from submission, and further proceedings in this court are stayed pending final action by the Supreme Court of California. The parties shall notify the Clerk of this Court within seven days after the Court accepts or rejects certification, and again within seven days if the Court renders an opinion. The panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED.**