Filed 5/28/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ADALI LUGO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MOISES CORONA,<br><br>Defendant and Respondent. | B288730<br><br>(Los Angeles County<br>Super. Ct. No. 17PDRO00492) |

APPEAL from an order of the Superior Court of Los Angeles County, Timothy Martella, Commissioner. Reversed and remanded.

Sidley Austin, Jean-Claude André, Katelyn N. Rowe; Los Angeles Law Center for Law and Justice and Sarah Reisman for Plaintiff and Appellant.

California Women's Law Center and Amy C. Poyer; Gibson Dunn & Crutcher, Theane Evangelis, Michael Holecek and Daniel Osher as Amicus Curiae on behalf of Plaintiff and Appellant.

No appearance for Defendant and Respondent.

# INTRODUCTION

Appellant Adali Lugo filed a request for a domestic violence restraining order (DVRO) against her husband, Moises Corona, under the Domestic Violence Prevention Act (DVPA) (Family Code, section 6200 et seq.[1]).  The family court denied her request on the basis that a criminal protective order was already in place.  Lugo asserts that the family court erred, because a criminal protective order does not bar the entry of a DVRO.  We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 23, 2017, Lugo filed a request for a DVRO in family court.  In a declaration attached to her request, Lugo stated that on August 13, 2017, she and Corona engaged in a physical altercation in which Lugo slapped Corona, and Corona grabbed Lugo by the neck and pushed her down on a sofa.  Lugo said that when Corona let go of her, he said that if Lugo "dare[d] to do something against him" he would strangle and kill her; he repeated the threat "a couple of times."  The couple's 10-year-old child heard the altercation from a nearby bedroom; their 6-year-old child in the same bedroom remained asleep.

A criminal protective order dated August 16, 2017 stated that Corona was restrained from all contact with Lugo, and could not come within 100 yards of her.  It also included a stay-away order from the family home.[2]

---

[1]All further statutory references are to the Family Code unless otherwise indicated. Lugo is represented on appeal by counsel and supported by an amicus brief by the California Women's Law Center.  Corona did not file a respondent's brief or make any other appearance on appeal.

[2]Lugo asked this court to take judicial notice of a criminal court case information statement noting that on August 16, 2017,

Lugo's DVRO request asked that her mother and 19- and 17-year-old sons be protected, and that Corona be ordered to stay away from the younger children's school and to move out of the family home. Lugo also requested control of a mobile phone, and a vehicle that was in Corona's name, but Lugo stated was given to her by her mother. She checked the box on the form stating, "I do not have a child custody order and I want one," and filled out an additional form requesting a child custody and visitation order.

The family court issued a temporary restraining order on August 23, 2017. In the form order, however, each of the requested protections was checked as "denied until the hearing." The court set a hearing for September 13. 2017.

At the hearing, the court said, "It looks like you worked most of this out downstairs." The court discussed the parties' custody agreement, including that the "[e]xhange is going to be in front of mother's residence with the paternal half [*sic*] being intermediary." The court noted the existence of the criminal protective order and asked Lugo, "[W]hy are you seeking a protective order from me?" Lugo responded, "Someone told me I had to get an order through the family court." The court reviewed the criminal protective order and stated, "I don't see any reason for me to make this order because you have that criminal protective order that takes priority over anything I do anyway." The court noted that the criminal protective order barred all contact, and said, "You might want to take this

Corona pled no contest to Penal Code section 273.5, subd. (a), willful infliction of corporal injury upon a spouse. We granted the request.

3

agreement . . . about the visitation back to the criminal court and ask if you can have peaceful contact to facilitate the visitation."

Corona was confused about the origin of the criminal protective order, and the court explained that the criminal "court in Alhambra made that order . . . for three years. I am not going to make another order on that mitigating the same thing." The court said that if the parties wanted to change the no-contact aspect of that order, "you probably need to go back to Alhambra and show a copy of the agreement for visitation and see if they will change that so you can have some kind of communication." Lugo asked if the family court could reduce the protective order from three years to one year, and the court said, "The only person that can change that order . . . out of [the] Alhambra court is the Alhambra judge. I can't change it." The court continued, "So I am denying the restraining order due to the fact that you have a criminal protective order that was for three years. I will sign the agreement on visitation." The court noted that the family court case would remain active to address any custody issues, and stated, "But the only way you can change that other order is to go back to Alhambra."

Lugo timely appealed.

## DISCUSSION

"On review of an order granting or denying a protective order under the DVPA, we consider whether the trial court abused its discretion." (*In re Marriage of Fregoso and Hernandez* (2016) 5 Cal.App.5th 698, 702.) "Judicial discretion to grant or deny an application for a protective order is not unfettered. The scope of discretion always resides in the particular law being applied by the court, *i.e.*, in the 'legal principles governing the subject of [the] action. . . .'" (*Nakamura v. Parker* (2007) 156

4

Cal.App.4th 327, 337.) Thus, "we consider whether the trial court's exercise of discretion is consistent with the statute's intended purpose." (*People v. Rodriguez* (2016) 1 Cal.5th 676, 685.)

The purpose of the DVPA "is to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.) Under the DVPA, the court is required to "consider the totality of the circumstances in determining whether to grant or deny a petition for relief." (§ 6301, subd. (c).)

Lugo contends that the family court erred by denying her request for a protective order on the basis that a criminal protective order was already in place. She is correct that the existence of a criminal protective order is not a bar to the issuance of a DVRO, and the court's refusal to consider the merits of Lugo's DVRO request on that basis was erroneous.

The DVPA states that the "remedies provided in this division are in addition to any other civil or criminal remedies that may be available to the petitioner." (§ 6227.) When a statute states that its remedies are "'in addition to'" other available remedies, "its remedies are 'nonexclusive.'" (*Bright v. 99¢ Only Stores* (2010) 189 Cal.App.4th 1472, 1481.) Section 6383, subdivision (h)(2) discusses the priority of enforcing protective orders "[i]f there is more than one order issued," including "[i]f there are both civil and criminal orders regarding the same parties." Thus, the DVPA makes clear that both criminal and civil protective orders may coexist and address the same parties.

5

The Penal Code also acknowledges that criminal and civil protective orders may address the same parties. Penal Code section 136.2, subdivision (e)(2), addressing protective orders in criminal cases involving domestic violence, states that "a restraining order or protective order against the defendant issued by the criminal court in that case has precedence in enforcement over a civil court order against the defendant." Subdivision (f) of the same section directed the Judicial Council to provide protocols "to provide for the timely coordination of all orders against the same defendant and in favor of the same named victim or victims," including "mechanisms for ensuring appropriate communication and information sharing between criminal, family, and juvenile courts concerning orders and cases that involve the same parties, and shall permit a family or juvenile court order to coexist with a criminal court protective order subject to the following conditions." (Pen. Code, § 136.2, subd. (f).) As our colleagues in Division Seven have observed, the Legislature has made "consistent and repeated efforts to ensure the courts utilize all available tools, including section 136.2, to safeguard victims of domestic abuse. (See, e.g., Stats.2001, ch. 698, § 1 . . . ['The Legislature recognizes that both criminal courts and civil courts may issue protective orders or restraining orders to prevent domestic violence. . . .'].)" (*Babalola v. Superior Court* (2011) 192 Cal.App.4th 948, 963.)

Thus, it is clear that criminal and civil protective orders may coexist, and the issuance of one does not bar the other. The trial court therefore erred by summarily denying Lugo's DVRO request on the basis that a criminal protective order was already in place, and if the parties wanted a protective order with

6

different terms, they were required to have the criminal court change its order.

Lugo and amicus assert a number of policy arguments regarding the importance of ensuring that domestic violence victims are protected by both DVROs and criminal protective orders. For example, they note that DVROs may sweep more broadly than criminal protective orders by protecting personal property and family members, or addressing custody and visitation issues. We agree that these are important issues. However, as we find the basis of the court's order to be legally erroneous based on the plain language of the relevant statutes, there is no need to address the policy bases for allowing overlapping protective orders. (See *Mejia v. Reed* (2003) 31 Cal.4th 657, 663 [courts appropriately rely on policy considerations where "statutory text is insufficient to resolve the question of its interpretation."].)

Lugo asserts that the family court's failure to make the factual determinations required by the DVPA warrants a reversal of the order and remand for a rehearing.[3] We agree, and therefore remand so that the family court may consider Lugo's DVRO request on the merits.

## DISPOSITION

The order denying Lugo's request for a domestic violence restraining order is reversed, and the matter is remanded to the family court for reconsideration of that request. Because

---

[3] Under section 6300, subdivision (a), a DVRO may be issued "if an affidavit or testimony and any additional information provided to the court pursuant to Section 6306, shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse." (§ 6300, subd. (a).)

7

respondent did not appear on appeal, no party shall recover costs. (Cal. Rules of Court, rule 8.278(a)(5).)

**CERTIFIED FOR PUBLICATION**


COLLINS, J.

We concur:


WILLHITE, ACTING P.J.


CURREY, J.