NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXANDER C. BAKER, | No. 18-56237 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-04886-CAS-AS |
| v. | |
| STATE OF CALIFORNIA, in their official capacities; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Alexander C. Baker appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims related to the

issuance and re-issuance of a temporary restraining order under California's

Domestic Violence Protection Act ("DVPA").  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (sua sponte dismissal under Fed. R. Civ. P. 12(b)(6)). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1059 (9th Cir. 2008). We affirm.

The district court properly dismissed Baker's as-applied challenge to the DVPA for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, because the claims constituted a forbidden "de facto appeal" of a prior state court judgment or were "inextricably intertwined" with that judgment. *See Noel*, 341 F.3d at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void"). Dismissal of Baker's as-applied challenge to California Code of Civil Procedure § 904.1(a)(6) was also proper under the *Rooker-Feldman* doctrine. *See Noel*, 341 F.3d at 1163-65; *see also Henrichs*, 474 F.3d at 616.

Dismissal of Baker's facial challenges to the DVPA was proper because Baker failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

2                                                                                          18-56237

plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)); *see also* Cal. Fam. Code § 6203(a)(4) (DVPA's definition of "abuse" includes behavior that "has been or could be enjoined pursuant to Section 6320"), § 6320(a) (court has discretion, "on a showing of good cause," to enjoin a party from contacting, coming within a specified distance, or disturbing the peace of named family or household members of the protected party); *cf. Lugo v. Corona*, 247 Cal. Rptr. 3d 764, 767-68 (Ct. App. 2019) (distinguishing civil restraining orders under the DVPA and criminal protective orders).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The motion of Michael Martin Molinaro, Esq. for leave to file an amicus brief in support of plaintiff-appellant (Docket Entry No. 17) is granted. The Clerk will file the brief of amicus curiae submitted at Docket Entry No. 17.

**AFFIRMED.**

18-56237