Filed 5/20/20

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| CHANGSHA METRO GROUP CO., LTD., | |
| Plaintiff and Respondent, | E073322 |
| v. | (Super.Ct.No. CIVDS1823603) |
| PENG XUEFENG et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of San Bernardino County. Donna G. Garza, Judge. Affirmed.

Thomas Ogden, under appointment by the Court of Appeal, for Defendants and Appellants.

Skadden, Arps, Slate, Meagher & Flom, Jack P. Dicanio, Lance A. Etcheverry, Caroline Van Ness and Julia M. Nahigian for Plaintiff and Respondent.

The trial court found Peng Xufeng and Jia Siyu (collectively, defendants) filed a frivolous anti-SLAPP motion against Changsha Metro Group Co., Ltd. (Changsha).

The trial court ordered defendants to pay Changsha $61,915 for Changsha's attorneys' fees in opposing the anti-SLAPP motion. (Code Civ. Proc., § 425.16, subd. (c)(1).)[1] Defendants contend the trial court erred in awarding attorneys' fees to Changsha because (1) defendants were not given a 21-day safe harbor period, and (2) Changsha requested fees in its opposition to the anti-SLAPP motion, rather than in a separate motion. We affirm the order.

## FACTUAL HISTORY

Changsha sued defendants for (1) breach of fiduciary duty; (2) constructive fraud; (3) aiding and abetting; (4) unjust enrichment; and (5) a constructive trust. Defendants filed an anti-SLAPP motion.

On March 20, 2019, Changsha filed its opposition to the anti-SLAPP motion. In Changsha's opposition, it (1) contended defendants' motion was frivolous and solely intended to cause delay; and (2) requested the trial court "award Changsha its fees associated with opposing the Motion." Changsha explained that it "submitted evidence supporting a fee award of $88,823, to be supplemented with additional fees and costs incurred through the hearing."

On March 27, defendants replied to Changsha's opposition. Defendants asserted their anti-SLAPP motion was not frivolous. Alternatively, defendants contended, "If the court is inclined to believe the Anti-SLAPP is frivolous then defendants object to the short time to respond to the perfunctory way the issue is raised in the Opp. CCP s.

_____

[1] All subsequent statutory references will be to the Code of Civil Procedure unless otherwise indicated.

2

128.5 governs frivolous Anti-SLAPP motions requiring reasonable opportunity to respond."

On April 3, the trial court held a hearing on defendants' anti-SLAPP motion. At the hearing, the trial court denied the anti-SLAPP motion. The trial court determined Changsha was entitled to an award of attorneys' fees, and set a further hearing on June 4 to determine the amount of fees to award.

On May 7, Changsha filed proof of its attorneys' fees. Changsha requested "the Court award attorneys' fees in the amount of $121,823." Defendants filed a request to vacate the June 4th hearing due to a lack of jurisdiction. Defendants asserted they appealed the trial court's April 3rd order denying the anti-SLAPP motion so the trial court lacked jurisdiction to award attorneys' fees. In their request to vacate, defendants argued, "Defendants were never afforded any 21-day safe harbor by [Changsha]. [Changsha] also never raised its sanction request in a separately stated motion, instead raising it in [Changsha's] Anti-SLAPP opposition papers." Defendants concluded, "[Changsha] is entitled to nothing as s.[]128.5's mandatory procedural predicates were never complied with."

Changsha opposed defendants' motion to vacate. Changsha asserted case law "hold[s] unequivocally that a notice of appeal does not divest the trial court of jurisdiction to assess fees pursuant to Section 425.16(c)(1)." Changsha contended the only procedural requirements for an award of fees were notice and an opportunity to be heard, which were provided to defendants. Further, Changsha contended the 21-day safe harbor provision could not apply to an award of fees in an anti-SLAPP case

3

because, in order to be entitled to fees, a plaintiff must prevail on the anti-SLAPP motion, and, if the plaintiff has prevailed, then it is necessarily too late to withdraw or correct the anti-SLAPP motion. Additionally, Changsha asserted it "filed a separate petition in support of its request for attorney's fees on May 7, 2019, over 22 days ago." (Italics omitted.)

The trial court held a hearing on June 4. A reporter's transcript is not included in the record on appeal. At the hearing, the court concluded it had jurisdiction to award fees. The trial court also awarded Changsha attorneys' fees "in the total amount of $61,915.00 based on the Court's prior order finding that Defendants' anti-SLAPP motion is frivolous."

## DISCUSSION

A    CONTENTION

Defendants contend the trial court erred by awarding attorneys' fees to Changsha because there was not compliance with the requirements of (1) a 21-day safe harbor, and (2) requesting sanctions via a separately filed motion. Defendants rely upon section 128.5, subdivision (f). Changsha relies upon section 128.5, subdivision (c).

B.    STATUTORY INTERPRETATION

1.    *PROCEDURE AND STANDARD OF REVIEW*

" ' "The interpretation of a statute is a question of law, which we review de novo." ' " (*Bright v. 99¢ Only Stores* (2010) 189 Cal.App.4th 1472, 1477.) Our fundamental task when interpreting a statute is to determine the Legislature's intent. We begin by examining the statute's plain language. If the plain language clearly sets

4

forth the Legislature's intent, then we go no further in our examination. (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 616-617.) If the plain language is susceptible to more than one interpretation, then we examine the broader context of the language and adopt " ' "the construction that best harmonizes the statute internally and with related statutes." ' " (*Bean v. Pacific Coast Elevator Corp.* (2015) 234 Cal.App.4th 1423, 1428.) In assessing the Legislature's intent when the plain language is unclear, we " 'may consider other aids, such as the statute's purpose, legislative history, and public policy.' " (*City of San Jose*, at pp. 616-617.)

2. *ANTI-SLAPP STATUTE*

The anti-SLAPP statute provides, "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." (§ 425.16, subd. (c)(1).)

3. *SECTION 128.5*

Section 128.5, subdivision (a) (hereinafter, subdivision (a)), provides, "A trial court may order a party, the party's attorney, or both, to pay *the reasonable expenses, including attorney's fees*, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." (Italics added.)

Section 128.5, subdivision (c) (hereinafter, subdivision (c)), provides, "*Expenses* pursuant to this section shall not be imposed except on notice contained in a party's

moving or *responding papers* or, on the court's own motion, after notice and opportunity to be heard."  (Italics added.)

Section 128.5, subdivision (f) (hereinafter, subdivision (f)), provides, "*Sanctions* ordered pursuant to this section shall be ordered pursuant to the following conditions and procedures:

"(1) If, after notice and a reasonable opportunity to respond, the court issues an order pursuant to subdivision (a), the court may, subject to the conditions stated below, impose an appropriate sanction upon the party, the party's attorneys, or both, for an action or tactic described in subdivision (a).  In determining what sanctions, if any, should be ordered, the court shall consider whether a party seeking sanctions has exercised due diligence.

"(A) A motion for sanctions under this section *shall be made separately from other motions* or requests and shall describe the specific alleged action or tactic, made in bad faith, that is frivolous or solely intended to cause unnecessary delay.

"(B) If the alleged action or tactic is the making or opposing of a written motion or the filing and service of a complaint, cross-complaint, answer, or other responsive pleading that can be withdrawn or appropriately corrected, *a notice of motion shall be served* as provided in Section 1010, *but shall not be filed with or presented to the court, unless 21 days after service of the motion or any other period as the court may prescribe, the challenged action or tactic is not withdrawn or appropriately corrected.*" (Italics added.)

Subdivision (f) continues, "An order for sanctions pursuant to this section shall be limited to what is sufficient to deter repetition of the action or tactic or comparable action or tactic by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of *some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the action or tactic described in subdivision (a)*." (Italics added.)

4. *ANALYSIS*

We begin with an examination of the plain statutory language. The anti-SLAPP statute's plain language reflects that, if an anti-SLAPP motion is frivolous, then "the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." (§ 425.16, subd. (c)(1).) Thus, the procedure of section 128.5 controls the award of attorneys' fees and costs for a frivolous anti-SLAPP motion.

Section 128.5 discusses attorneys' fees and costs in two separate areas, with two separate procedures. The first option for attorneys' fees under section 128.5 appears in subdivisions (a) and (c), which discuss "expenses." Subdivision (a) authorizes the trial court to award "reasonable expenses, including attorney's fees" when an opposing party has acted frivolously. (§ 128.5, subd. (a).) Subdivision (c) provides that expenses may only be awarded if notice is given "in a party's moving or responding papers" and after an "opportunity to be heard." (§ 128.5, subd. (c).)

7

The second option for attorneys' fees under section 128.5 appears in subdivision (f), which discusses "sanctions." Subdivision (f) authorizes the trial court to impose sanctions, which can include "some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the action or tactic described in subdivision (a)." (§ 128.5, subd. (f)(2).) Subdivision (f) provides that sanctions may only be awarded if (1) the motion is "made separately from other motions," and (2) a 21-day safe harbor notice is given if the offending motion can be withdrawn or corrected. (§ 128.5, subd. (f)(1)(A)&(B).) Further, a sanctions award may only be made *after* the court "issues an order pursuant to subdivision (a)." (§ 128.5, subd. (f)(1).)

Thus, section 128.5 provides two procedures for an award of attorneys' fees: (1) request attorneys' fees in moving or opposing papers and allow an opportunity to respond (§ 128.5, subds. (a) & (c)); and (2) after obtaining attorneys' fees per subdivision (a), request a sanction of attorneys' fees by (a) filing a separate motion, and (b) providing a 21-day safe harbor (§ 128.5, subds. (f)(1)(A)-(B) & (f)(2).)

In the instant case the procedure that has to apply is the first procedure, set forth in subdivisions (a) and (c). That procedure has to apply because the subdivision (f) procedure is only allowed after "the court issues an order pursuant to subdivision (a)." (§ 128.5, subd. (f)(1).) The trial court in this case had not issued an order under subdivision (a), so it could not utilize the subdivision (f) procedure.

Moreover, the procedure set forth in subdivisions (a) and (c) is the only practical procedure to apply in the anti-SLAPP context. An anti-SLAPP motion must be filed "within 60 days of the service of the complaint." (§ 425.16, subd. (f).) The hearing on

8

the motion "shall be scheduled . . . not more than 30 days after the service of the motion." (§ 425.16, subd. (f).) Opposition to an anti-SLAPP motion is due "at least nine court days . . . before the hearing." (§ 1005, subd. (b).)

In order to comply with the 21-day safe harbor notice, a plaintiff would need to draft its sanctions motion almost immediately after receiving the anti-SLAPP motion due to the 30-day clock that is running for the hearing date. Then, the plaintiff would need to draft its opposition to the anti-SLAPP motion while risking that the defendant will withdraw or correct its anti-SLAPP motion during the 21-day safe harbor period. (§ 128.5, subd. (f)(1)(B).) If the plaintiff does not want to risk the cost of drafting its opposition while the defendant has the 21-day option to withdraw or correct its motion, then the plaintiff might apply to continue the anti-SLAPP hearing until after the 21-day safe harbor period has elapsed, but that would contradict the express purpose of the anti-SLAPP statute, which was designed "to establish an efficient screening mechanism for 'disposing of SLAPP's quickly and at minimal expense to taxpayers and litigants.' " (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 422.) Forcing a plaintiff to choose between (1) lengthening the anti-SLAPP process by obtaining a continuance for the anti-SLAPP hearing; or (2) risking needless expense by drafting an opposition during the safe harbor period, contradicts the anti-SLAPP goals of ending SLAPP cases quickly and with minimal expense.

In sum, we conclude subdivision (f) did not provide the applicable procedure in this case because (1) the trial court had not previously issued an order for expenses pursuant to subdivision (a) (§ 128.5, subd. (f)(1)); and (2) the 21-day safe harbor

9

provision contradicts the goals of the anti-SLAPP statute. Therefore, the proper procedure for the trial court to follow in regard to Changsha's request for attorneys' fees was the procedure set forth in subdivisions (a) and (c).

C.    <u>APPLICATION</u>

We now examine whether there was compliance with the procedures of subdivisions (a) and (c).

Subdivision (a) permits a trial court to order a party "to pay the reasonable expenses, including attorney's fees, incurred by another party." Subdivision (c) permits a request for attorneys' fees to be made in "responding papers," and requires that an "opportunity to be heard" be provided.

Changsha requested an award of attorneys' fees in its opposition to the anti-SLAPP motion. The request was proper because it was presented in Changsha's "responding papers." (§ 128.5, subd. (c).) Defendants were given an opportunity to be heard regarding the request for attorneys' fees (1) in their reply to Changsha's opposition; (2) at the hearing on April 3, 2019; (3) in their motion to vacate, in which they argued "s.[]128.5's mandatory procedural predicates were never complied with"; and (4) at the hearing on June 4, 2019.

In sum, the request was properly submitted in Changsha's opposition and defendants were given an opportunity to be heard. Therefore, we conclude the trial court followed the proper procedure in awarding attorneys' fees to Changsha. (§ 128.5, subds. (a) & (c).)

10

## DISPOSITION

The order is affirmed.  Respondents are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

CERTIFIED FOR PUBLICATION

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

CODRINGTON _____

J.