Filed 9/16/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MARK ROTHSTEIN, | B275603 |
| Petitioner, | (Super. Ct. Nos. BD595040 & LC103883) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| PEYMANEH ROTHSTEIN et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Christine Byrd, Judge.  Petition granted.

Hersh Mannis, Neal R. Hersh, Jeff M. Imerman, and Teresa Y. Lin, for Petitioner.

No appearance for Respondent.

Jarrette & Walmsley, Robert R. Walmsley and Marlea F. Jarrette, for Real Party in Interest Precious Time, LLC.

No appearance for Real Party in Interest Peymaneh Rothstein.

While a husband and wife were litigating their ongoing marriage dissolution case, a limited liability company run by the wife filed a civil action concerning a disputed debt at issue in the dissolution proceedings. The superior court deemed the two cases related and assigned the civil case to the already assigned judge. The question we decide is whether the limited liability company's Code of Civil Procedure section 170.6 challenge[1] in the related civil action requires transfer of *both* cases to a new judge.

I

Peymaneh Rothstein (Peymaneh) and Mark Rothstein (Mark) instituted proceedings in January 2014 to dissolve their marriage, Los Angeles Superior Court case number BD595040 (the Family Law Case). In an Income and Expense Declaration filed in connection with her request for an order concerning child and spousal support (plus attorney fees), Peymaneh included an amended schedule of assets and debts that listed a $50,000 loan to Mark—made in the name of Precious Time, LLC (Precious Time)—among her separate property assets. After certain other preliminary proceedings, Peymaneh filed a Code of Civil Procedure section 170.6 challenge to the then-assigned judicial officer and the matter was thereafter assigned to Judge Christine Byrd.

Over the following months, Judge Byrd made findings and orders in the Family Law Case, resolving factual disputes involving child custody and visitation, as well as child and spousal support. Then, in January 2016, Judge Byrd entered a judgment upon stipulation of the parties that terminated Peymaneh and Mark's married status. The judgment provided, however, that the "court reserves jurisdiction over all other issues of the marriage, including, but not limited to, the nature, value and extent of the community property and separate property, the division of property, spousal support, child support, attorneys fees and costs, and all other matters which the court determines appropriate and within the scope of its jurisdiction."

---

[1] Statutory references that follow are to the Code of Civil Procedure.

2

Additional proceedings ensued, and about a month after Judge Byrd granted a motion to impose sanctions against Peymaneh, Real Party in Interest Precious Time, a Virginia limited liability company, filed a civil suit against Mark in case number LC103883 (the Civil Case). The suit alleged causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. The causes of action were based on alleged facts that Mark asked for a $100,000 loan "from [Precious Time's] principal and CEO," that Precious Time and Mark thereafter entered an oral agreement for such a loan, and that Mark had repaid only half the amount, leaving a balance due of $50,000.

Mark filed a notice with the superior court that identified the Family Law Case and the Civil Case as related. The Notice of Related Case explained the two cases were related because the debt alleged to be the basis of the causes of action in the Civil Case was "a matter previously alleged by [Peymaneh] to be in dispute in [the Family Law Case] . . . ." The judge presiding in Department 1 of the superior court, which processes related case notices in probate and family law matters, determined the cases were related under the governing local court rule. Specifically, the presiding judge acknowledged the parties were not identical in both suits but concluded the cases were related (a) because a public records search revealed Peymaneh was the director of Precious Time (i.e., the unnamed CEO referenced in the Civil Case complaint), a point she did not dispute, and (b) because the $50,000 debt alleged in the Civil Case was also in dispute in the Family Law Case. Both cases were therefore ordered related—not consolidated—and the Civil Case was transferred to Judge Byrd, the judge before whom the Family Law Case was then pending.

On May 27, 2016, with both cases now related and assigned to the same judicial officer, counsel for Precious Time filed a section 170.6 peremptory challenge to Judge Byrd in the Civil Case. In a minute order captioned with both case numbers, Judge Byrd found the challenge was timely and ordered as follows: "Pursuant to the direction of Department 2, both actions [the Civil Case and the Family Law Case] are reassigned for all purposes to the Honorable Tamara Hall . . . ."

3

Mark asked Judge Byrd to reconsider her order granting the section 170.6 challenge and transferring both cases to another judge. He argued the challenge had not been filed in the Family Law Case and there was therefore no basis to transfer that case to another judge. Mark also argued the terms of section 170.6 barred transfer of the Family Law Case to a new judge because Judge Byrd had already made determinations on contested factual issues relating to the merits of the case. And Mark further contended, in part based on documentary evidence he submitted indicating Peymaneh was the sole Member of Precious Time, that the Civil Case was merely a "continuation of" the Family Law Case such that the section 170.6 peremptory challenge was improper.

Judge Byrd denied Mark's request for reconsideration. Mark then sought a writ of mandate in this court, and we issued an alternative writ directing Judge Byrd to enter a new order transferring only the Civil Case pursuant to Precious Time's section 170.6 challenge (while retaining the Family Law Case) or to show cause why a peremptory writ to that effect should not issue. Judge Byrd issued no new order, and we accordingly proceed to decide whether to issue a peremptory writ.

II

We hold a section 170.6 challenge filed in a case that is related to (not consolidated with) an earlier-filed case in which the assigned judge has resolved a disputed factual issue relating to the merits requires transfer of only the later-filed case to another judge. We explain why.

"Section 170.6 permits a party in civil and criminal actions to move to disqualify an assigned trial judge on the basis of a simple allegation by the party or his or her attorney that the judge is prejudiced against the party. Various restrictions on the timing of the motion are imposed by this statute, and a party may exercise such a challenge only once during the trial of an action or a special proceeding."[2] (*Peracchi v. Superior Court*

---

[2] As relevant here, the text of the statute provides as follows: "(1) A judge . . . shall not try a civil or criminal action or special proceeding of any kind or character nor hear

4

(2003) 30 Cal.4th 1245, 1248-1249.) A section 170.6 disqualification motion accompanied by an affidavit or declaration alleging such prejudice is alone sufficient, and the motion requires no proof of actual prejudice. (*Swift v. Superior Court* (2009) 172 Cal.App.4th 878, 883.) Although a section 170.6 motion is often referred to as an "automatic" disqualification motion because a court may not inquire into the basis for alleged prejudice, a court presented with such a motion retains authority to determine whether it is "duly presented." (§ 170.6, subd. (a)(4); *Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 410; see also *Jacobs v. Superior Court* (1959) 53 Cal.2d 187, 190 [assessing whether challenge timely].)

One circumstance in which a court may be called to determine whether a section 170.6 challenge was duly presented and in proper form is when confronted with the question of whether the challenge is filed in a case that is a mere continuation of an earlier action. That was the issue before this court in *Pickett v. Superior Court* (2012) 203 Cal.App.4th 887 (*Pickett*). We recognized section 170.6 permits a party and other

---

any matter therein that involves a contested issue of law or fact when it is established as provided in this section that the judge . . . is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding. [¶] (2) A party to, or an attorney appearing in, an action or proceeding may establish this prejudice by an oral or written motion without prior notice supported by affidavit or declaration under penalty of perjury . . . that the judge . . . before whom the action or proceeding is pending . . . is prejudiced against a party or attorney, or the interest of the party or attorney, so that the party or attorney cannot, or believes that he or she cannot, have a fair and impartial trial or hearing . . . . The fact that a judge . . . has presided at, or acted in connection with, a pretrial conference or other hearing, proceeding, or motion prior to trial, and not involving a determination of contested fact issues relating to the merits, shall not preclude the later making of the motion provided for in this paragraph at the time and in the manner herein provided. . . . [¶] (4) If the motion is duly presented, and the affidavit or declaration under penalty of perjury is duly filed . . . thereupon and without any further act or proof, the judge supervising the master calendar, if any, shall assign some other judge . . . to try the cause or hear the matter. . . . Except as provided in this section, no party or attorney shall be permitted to make more than one such motion in any one action or special proceeding pursuant to this section. In actions or special proceedings where there may be more than one plaintiff or similar party or more than one defendant or similar party appearing in the action or special proceeding, only one motion for each side may be made in any one action or special proceeding." (§ 170.6, subd. (a).)

5

parties aligned on the same side only one peremptory challenge per action, and we reiterated the rule that a party that cannot peremptorily challenge a judge in a newly filed action that qualifies as a continuation of an earlier filed action in which the allotted challenge has already been used. (*Id.* at pp. 892-893.) Applying this rule, we held the trial judge erroneously struck Pickett's section 170.6 challenge, reasoning the newly filed action was not a "continuation of" an earlier case. (*Id.* at p. 893.) Quoting *NutraGenetics, LLC v. Superior Court* (2009) 179 Cal.App.4th 243 (*NutraGenetics*), we explained an action is a continuation of an earlier action for section 170.6 purposes where the subsequent proceeding involves "'the same parties at a later stage of their litigation with each other, or . . . arise out of conduct in or orders made during the earlier proceeding.'" (*Pickett*, *supra*, 203 Cal.App.4th at p. 893.)

Judge Kumar, sitting by designation, concurred separately in *Pickett* to highlight an issue that is the issue we are called to resolve in this case. In the *NutraGenetics* case cited by the *Pickett* majority, the trial judge accepted a section 170.6 challenge filed in a related case and then "transferred both the related case *and* the original case to another judge." (*Id.* at p. 896 (conc. opn. of Kumar, J.), italics in original.) Judge Kumar noted there was nothing to indicate the two actions at issue in *NutraGenetics* had been consolidated, as opposed to merely related, and he opined that "*NutraGenetics* should not be considered authority for the proposition that, under these circumstances, . . . section 170.6 requires the transfer of the original case to another judge." (*Id.* at p. 896 (conc. opn. of Kumar, J.); see also *id.* at p. 897 (conc. opn. of Kumar, J.) [concluding, as the parties in *Pickett* represented at oral argument, transfer of the original case would not be required].)

Here, both the majority and concurring opinions in *Pickett* are relevant to our analysis. Following the majority's articulation of the applicable standard, we cannot say the Civil Case is a mere continuation of the Family Law Case. Even assuming Precious Time were the alter ego of Paymaneh such that the parties in both actions are identical, the Civil Case is not a "later stage" of the marriage dissolution litigation, nor does it "arise out of" conduct or orders made in the Family Law Case; Judge Byrd has yet to

6

determine the status of the alleged $50,000 debt. We therefore cannot conclude Precious Time's peremptory challenge in the Civil Case should have been stricken as contrary to the terms of section 170.6. (See, e.g., *NutraGenetics*, *supra*, 179 Cal.App.4th at p. 254 [continuation rule requires a second proceeding that arises out of a first proceeding, not just out of the same set of facts that gave rise to the first proceeding].)

While we therefore believe the section 170.6 challenge was validly filed in the Civil Case, that does not resolve the controversy before us. Instead, the critical question remains: does Precious Time's section 170.6 challenge in the Civil Case disqualify Judge Byrd in the related Family Law Case such that both cases must be transferred to another judge. On that point, we agree the *Pickett* concurring opinion has it right.

The peremptory challenge Precious Time filed in the Civil Case does not disqualify Judge Byrd in the Family Law Case for the most fundamental of reasons: the cases are merely related, not consolidated, and there has been no challenge filed against Judge Byrd in the Family Law Case. In the words of section 170.6, it has not been established in the Family Law Case that Judge Byrd "is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding." (§ 170.6, subd. (a)(1).) Indeed, the declaration accompanying the section 170.6 motion in the Civil Case—submitted by attorney L. Donald Weissman on behalf of Precious Time—averred only that Judge Byrd was prejudiced against him or his client, not against Peymaneh or her separate counsel in the Family Law Case.

Precious Time responds, however, by emphasizing both cases have been deemed related under the superior court's local rules, which track California Rules of Court, rule 3.300. In Precious Time's view, this means the Family Law Case pending for well over a year before the filing of the Civil Case should follow the Civil Case when that case is reassigned to another judge. We see nothing in section 170.6 that compels such a result. To the contrary, the judicial administration goals the related case rules ordinarily further must yield to the statutory policy, expressed in section 170.6 itself, of permitting parties a peremptory challenge but preventing use of such a challenge that would result in transfer of a case to a new judge after the currently assigned judge has ruled on disputed matters

7

of fact relating to the merits of a case. (§ 170.6, subd. (a)(2) ["The fact that a judge . . . has presided at, or acted in connection with, a pretrial conference or other hearing, proceeding, or motion prior to trial, *and not involving a determination of contested fact issues relating to the merits*, shall not preclude the later making of the motion provided for in this paragraph . . . ."], italics added; *National Financial Lending, LLC v. Superior Court* (2013) 222 Cal.App.4th 262, 270 ["[N]either side in a proceeding may make a motion under section 170.6 after trial has commenced or the trial judge has resolved a disputed issue of fact relating to the merits"]; see also *McClenny v. Superior Court* (1964) 60 Cal.2d 677, 683.) Here, it is undisputed Judge Byrd ruled on such matters in the Family Law Case before Precious Time filed its peremptory challenge. And the substantial rights of a party like Precious Time are fully protected by transfer of only the case in which the challenge was filed; dragging the originally filed case along with it furthers no goal section 170.6 is intended to achieve.[3]

Precious Time additionally argues that transferring only the Civil Case and not the Family Law Case contravenes principles of judicial economy and could result in inconsistent judicial rulings. The argument is unpersuasive for two reasons. First, where a court has already resolved contested factual issues in a previously filed action, Precious Time's judicial economy argument gets things backward. Removing a case from a judicial officer who is substantially familiar with the facts and issues in order to keep that case together with a newly filed case that will go to a judicial officer entirely unfamiliar with either one will often, if not always, be less optimal from a judicial efficiency perspective. Moreover, transferring only the case in which the section 170.6 challenge was filed does not prohibit the judges assigned from managing their respective cases as specified in the authority Precious Time cites, Government Code section 68607 and

---

[3]     Were it otherwise such that a party could disqualify a trial judge by engineering the filing of a related suit by an ideologically aligned third party, this could give rise to precisely the sort of forum shopping that is inconsistent with the purpose of section 170.6. (*The Home Ins. Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1032 ["[S]ection 170.6 is designed to prevent abuse by parties that merely seek to delay a trial or obtain a more favorable judicial forum"].)

California Rules of Court, rule 3.713(c).  Second, there is no possibility of inconsistent rulings here given established priority rules in family law proceedings.  (See, e.g., *Askew v. Askew* (1994) 22 Cal.App.4th 942, 961 ["After a family law court acquires jurisdiction to divide community property in a dissolution action, no other department of a superior court may make an order adversely affecting that division"].)  And more generally, where there is a peremptory challenge in a later-filed case related to a previously pending action, we are confident the parties will keep the respective judicial officers aware of relevant developments in both actions so that the possibility of conflicting rulings is minimized, if not eliminated.

## DISPOSITION

The petition is granted.  Let a writ of mandate issue ordering respondent superior court to vacate its June 1, 2016, order transferring the Family Law Case and the Civil Case to a new judge and to enter a new order transferring only the Civil Case to a new judge, with further proceedings in both cases to be conducted in a matter consistent with this opinion.  Petitioner shall recover his costs.

**CERTIFIED FOR PUBLICATION**


BAKER, J.



We concur:



TURNER, P.J.



KRIEGLER, J.

9